No. 103,083

STATE OF KANSAS, *Appellee*, v. MATTHEW ASTORGA, *Appellant*.

(324 P.3d 1046)

Opinion filed May 23, 2014.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, argued the cause, and *Theresa L. Barr*, of the same office, was with him on the briefs for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, argued the cause, and *John Bryant*, deputy county attorney, *Steve Six*, former attorney general, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

MORITZ, J.: In *State v. Astorga*, 295 Kan. 339, 284 P.3d 279 (2012), this court affirmed Matthew Astorga's jury conviction of first-degree premeditated murder and his sentence of life in prison with no possibility of parole for 50 years (hard 50). In that decision, we relied on well-established caselaw to reject Astorga's argument that Kansas' hard 50 sentencing scheme was unconstitutional under *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because it does not require a jury to find beyond a reasonable doubt the facts necessary to support an increased mandatory minimum sentence of 50 years. See *Astorga*, 295 Kan. at 354 (citing *State v. McCaslin*, 291 Kan. 697, 729-30, 245 P.3d 1030 [2011], and *State v. Conley*, 270 Kan. 18, 35-36, 11

P.3d 1147 [2000], *cert. denied* 532 U.S. 932 [2001]). Astorga filed a petition for writ of certiorari to the United States Supreme Court.

In *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), the Supreme Court overruled the caselaw upon which this court indirectly based its decision in *Astorga*. Following *Alleyne*, the Supreme Court granted Astorga's petition for writ of certiorari, vacated our judgment in *Astorga*, and remanded the case for reconsideration in light of *Alleyne*. *Astorga v. Kansas*, 570 U.S. ___, 133 S. Ct. 2877, 186 L. Ed. 2d 902 (2013).

On remand, we affirm Astorga's first-degree murder conviction and dismiss his challenge to the imposition of aggravated presumptive sentences for two related plea convictions for the same reasons stated in our prior decision. See *Astorga*, 295 Kan. at 344-51, 354. But we reconsider those portions of our prior decision affirming Astorga's hard 50 sentence and, consistent with our recent decision in *State v. Soto*, 299 Kan. 102, 322 P.3d 334 (2014), we conclude the district court violated Astorga's right to a jury trial as provided in the Sixth Amendment to the United States Constitution when it imposed the hard 50 sentence. Consequently, we vacate his hard 50 sentence and remand for resentencing.

## FACTUAL AND PROCEDURAL BACKGROUND

Following Astorga's conviction of first-degree premeditated murder, the State sought a hard 50 sentence, alleging Astorga knowingly or purposely killed or created a great risk of death to more than one person (risk of death aggravator). See K.S.A. 21-4636(b). The evidence presented at trial established that Astorga drove to the home of Ruben Rodriguez and then shot and killed Rodriguez as Rodriguez stood in the doorway. Rodriguez' girlfriend and her toddler were standing near Rodriguez when he was shot, and more than one bullet passed through the interior walls of the house. Citing this evidence, the district court found Astorga risked the lives of more than one person when he shot Rodriguez.

Additionally, the district court found Astorga previously had been convicted of a felony in which he inflicted great bodily harm, disfigurement, dismemberment, or death on another (prior conviction aggravator). See K.S.A. 21-4636(a). To support this finding,

the district court relied on a certified copy of a journal entry received from the New Mexico Department of Corrections and submitted by the State at sentencing, reflecting Astorga previously had been convicted of second-degree murder.

Astorga urged the district court to consider two nonstatutory mitigating factors: (1) Astorga's testimony that Rodriguez had committed prior acts of violence toward Astorga, and (2) Astorga's testimony that he acted in self-defense when he shot Rodriguez. The district court imposed a hard 50 sentence but made no on-the-record findings as to whether it found any mitigating circumstances or whether it determined any mitigating circumstances outweighed the two aggravating circumstances found to exist.

Astorga challenged his hard 50 sentence on direct appeal, claiming the district court erred in finding the risk of death aggravator, both as a matter of law and under the facts of the case, and in weighing the aggravating and mitigating circumstances. Noting that Astorga failed to challenge the court's finding on the prior conviction aggravator and that a hard 50 sentence could be imposed upon finding one or more aggravating circumstances, this court declined to consider whether the district court erred in finding the risk of death aggravator. *Astorga*, 295 Kan. at 352. We further determined the district court did not abuse its discretion in weighing the aggravating and mitigating circumstances. 295 Kan. at 353. Finally, as discussed, based on prior caselaw we rejected Astorga's challenge to the constitutionality of the hard 50 sentencing scheme. 295 Kan. at 354.

## DISCUSSION

*The statutory procedure used to impose Astorga's hard 50 sentence is unconstitutional.*

This court recently considered the constitutionality of Kansas' hard 50 sentencing scheme in light of *Alleyne* and decided that issue in Astorga's favor, effectively overruling the caselaw we relied upon in *Astorga*. *Soto*, 299 Kan. at 124. In *Soto*, we held that Kansas' former statutory procedure for imposing a hard 50 sentence, as provided in K.S.A. 21-4635, violated the Sixth Amendment to the United States Constitution as interpreted in *Alleyne* because it

permitted a judge to find by a preponderance of the evidence the existence of one or more aggravating factors necessary to impose an increased mandatory minimum sentence, rather than requiring a jury to find the existence of the aggravating factors beyond a reasonable doubt. 299 Kan. at 103-04, 124.

While our decision in *Soto* resolved most of the parties' arguments, we briefly consider two arguments made by the State on remand that are specific to the facts of this case. Specifically, the State contends: (1) no *Alleyne* error occurred here because Astorga's sentence rests in part on a prior conviction, and (2) alternatively, if an *Alleyne* error occurred, it was harmless. Ultimately, we reject both arguments and conclude that, because the district court's imposition of a hard 50 sentence violated Astorga's Sixth Amendment right to a jury trial, we must vacate his hard 50 sentence and remand for resentencing.

*We need not decide whether the prior conviction aggravating circumstance of K.S.A. 21-4636(a) falls within the Almendarez-Torres exception to the Apprendi/Alleyne rule.*

Relying on *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998), the State contends that even after *Alleyne*, a jury was not required to find the fact of Astorga's prior conviction for second-degree murder beyond a reasonable doubt. And because Astorga's prior conviction constituted one of the two aggravating circumstances found by the district court as supporting imposition of the hard 50 sentence, the State contends the district court properly applied the hard 50 sentencing scheme in this case. See K.S.A. 21-4636(a) ("The defendant was previously convicted of a felony in which the defendant inflicted great bodily harm, disfigurement, dismemberment or death on another.").

In *Almendarez-Torres*, the United States Supreme Court concluded that the Constitution does not require the prosecution to submit the fact of a prior conviction to a jury and prove that fact beyond a reasonable doubt. *Almendarez-Torres*, 523 U.S. at 226-27; see also *Apprendi*, 530 U.S. at 489-90 (declining to overrule *Almendarez-Torres*, "treat[ing] the case as a narrow exception to

the general rule" of *Apprendi*). Significantly, the Court noted "the sentencing factor at issue here—recidivism—is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendarez-Torres*, 523 U.S. at 243. The Court further held: "[T]o hold that the Constitution requires that recidivism be deemed an 'element' of petitioner's offense would mark an abrupt departure from a longstanding tradition of treating recidivism as 'go[ing] to the punishment only.' [Citation omitted.]" 523 U.S. at 244.

Because the prior conviction exception to *Apprendi* was not at issue in *Alleyne*, the Supreme Court in *Alleyne* declined to revisit its decision in *Almendarez-Torrez*. See *Alleyne*, 133 S. Ct. at 2160 n.1. Nevertheless, Astorga contends the *Almendarez-Torres* exception does not apply to the prior conviction aggravator defined in K.S.A. 21-4636(a), because that statutory language requires a factual finding as to whether the defendant personally "inflicted great bodily harm, disfigurement, dismemberment or death on another." Astorga contends the journal entry of his prior conviction for second-degree murder did not indicate whether he personally inflicted the harm that resulted in the victim's death. Therefore, he suggests some additional factfinding was necessary, placing this factor within the purview of *Alleyne*.

Under the facts of this case, we need not consider the continued viability of the *Almendarez-Torres* exception or whether K.S.A. 21-4636(a)'s prior conviction aggravator falls within that exception. Here, even if the district court could find the existence of the prior conviction aggravator, under our rationale in *Soto* the court erred in finding the other aggravating factor, *i.e.*, the risk of death aggravator, by a preponderance of the evidence. See *Soto*, 299 Kan. at 124 (holding statutory procedure for imposing hard 50 sentence unconstitutional "because it permits a judge to find by a preponderance of the evidence the existence of one or more aggravating factors necessary to impose an increased mandatory minimum sentence, rather than requiring a jury to find the existence of the aggravating factors beyond a reasonable doubt"); see also *State v. Hilt*, 299 Kan. 176, 203, 322 P.3d 367 (2014) (applying *Soto* to conclude that judge's finding of four aggravating circumstances by

preponderance-of-the-evidence standard constituted *Alleyne* error).

*If we applied a modified harmless error test, the hard 50/Alleyne error in this case would not be harmless.*

Alternatively, the State argues if an *Alleyne* error occurred it was harmless. Astorga disagrees, arguing hard 50/*Alleyne* errors are not amenable to review for harmless error.

In *Soto,* we considered but declined to decide whether hard 50/ *Alleyne* errors may be subject to a modified harmless error review. *Soto,* 299 Kan. at 124-28. We concluded that if we were to consider harmless error, we would apply a modified, more stringent harmless error analysis that required us to determine beyond a reasonable doubt that (1) uncontroverted and overwhelming evidence supported each aggravating circumstance such that the jury would have found the existence of each aggravating circumstance beyond a reasonable doubt, and (2) no rational jury would have determined that mitigating circumstances outweighed the aggravating circumstance. *Soto,* 299 Kan. at 126-27. We pointed out that only rarely would an error meet this exacting test, and we deferred any decision regarding application of this test in the hard 50/*Alleyne* context until that rare case presents itself. *Soto,* 299 Kan. at 127-28; see also *Hilt,* 299 Kan. at 205 (assuming without deciding that harmlessness applies but concluding case did not present "one of the rare instances when a hard 50 *Alleyne* error can be declared harmless").

Like *Soto* and *Hilt,* this is not that rare case. Here, the district court found two aggravating circumstances under K.S.A. 21-4636(a) and (b), respectively: (1) Astorga previously had been convicted of a felony in which he inflicted great bodily harm, disfigurement, dismemberment, or death on another, namely, second-degree murder, and (2) Astorga knowingly or purposely created a great risk of death to more than one person. Further, Astorga urged the district court to consider two nonstatutory mitigating circumstances: (1) the victim, Rodriguez, had committed prior acts of violence toward Astorga, *i.e.,* stabbing Astorga and participating in a drive-by shooting of Astorga's home, and (2) As-

torga testified he acted in self-defense in shooting Rodriguez. Even if we assume uncontroverted and overwhelming evidence supported both aggravating circumstances such that the jury would have found their existence beyond a reasonable doubt, we simply do not know whether a jury of Astorga's peers would have found the two mitigating circumstances asserted by Astorga. Nor could we conclude beyond a reasonable doubt that no rational jury would have determined that any mitigating circumstances, if found, outweighed the aggravating circumstances. See *Soto*, 299 Kan. at 127.

To summarize, we decline to decide whether a hard 50/*Alleyne* error may be subject to harmless error review because this case, like *Soto*, does not present the rare circumstances in which such an error could be held harmless. Accordingly, we vacate Astorga's hard 50 sentence and remand for resentencing.

*We decline to issue an advisory opinion as to the appropriate course of action on remand.*

Because this case must be remanded for resentencing, we now turn to the parties' arguments regarding the procedure to be applied on remand. Astorga argues *Alleyne* requires the district court to impose a hard 25 sentence on remand because that is the only sentence supported by the jury's verdict. But the State points out that after *Alleyne*, the Kansas Legislature amended Kansas' hard 50 sentencing scheme and included express provisions for retroactive application in cases pending on appeal. See L. 2013, ch. 1, sec. 1 (Special Session); K.S.A. 2013 Supp. 21-6620. Consequently, the State contends the district court must resentence Astorga under the amended hard 50 statute. Astorga responds that retroactive application of the amended hard 50 scheme would violate the Ex Post Facto Clause of the United States Constitution.

As in *Soto*, we decline to issue an advisory opinion on these issues. See *Soto*, 299 Kan. at 128-29 (noting issues related to application of amended hard 50 statute are not ripe unless and until the State seeks application of statute on remand). Instead, we hold only that because Astorga's sentence was imposed in violation of his Sixth Amendment right to a jury trial, his sentence must be vacated and the case remanded for resentencing. Our decision does

not prevent the parties from presenting their respective arguments regarding application of the amended hard 50 scheme to the district court at resentencing.

*The evidence was sufficient to support the risk of death aggravator.*

Should the district court conclude that the retroactive provisions of K.S.A. 2013 Supp. 21-6620 apply on remand, section (e) of that statute suggests the State would be precluded from pursuing a hard 50 sentence if we were to vacate Astorga's sentence for lack of sufficient evidence to support the aggravating circumstances. While we decline to decide at this juncture whether Astorga could be resentenced under the amended statute, we find it necessary to address Astorga's claim that the evidence was insufficient to support the risk of death aggravator.

Before doing so, we note that *Alleyne* also impacts our standard of reviewing the sufficiency of evidence in the hard 50 context. In the past, we have considered whether, after review of all the evidence, viewed in a light most favorable to the prosecution, a rational factfinder could have found the existence of a hard 50 aggravating circumstance by a preponderance of the evidence. See, *e.g., State v. McCaslin,* 291 Kan. 697, 727, 245 P.3d 1030 (2011). However, in light of *Alleyne*'s requirement that aggravating factors be found by a jury beyond a reasonable doubt, we will apply the higher standard in considering the sufficiency of evidence to support such factors. See *Alleyne,* 133 S. Ct. at 2162-63; see also *Soto,* 299 Kan. at 129 (restating applicable standard for sufficiency challenge in light of *Alleyne*).

The district court found Astorga " 'knowingly or purposely killed or created a great risk of death to more than one person.' " *Astorga,* 295 Kan. at 352; see K.S.A. 21-4636(b). The district court also found Astorga previously was convicted of a felony in which he inflicted death on another, namely, second-degree murder. See K.S.A. 21-4636(a). In his direct appeal, Astorga challenged the sufficiency of the evidence to support the risk of death aggravator, but he did not challenge the sufficiency of evidence to support the prior conviction aggravator. At oral argument, Astorga conceded he did not dispute the existence of his prior conviction at sentenc-

ing or in his direct appeal. Accordingly, we consider only the sufficiency of evidence to support the risk of death aggravator.

We have explained that K.S.A. 21-4636(b) requires " 'a direct relationship between creating the great risk of death to another and the homicide. The risk need not be contemporaneous with the homicide, but it must occur in the course of committing the charged murder.' " *State v. Brown*, 272 Kan. 809, 818, 37 P.3d 31 (2001) (quoting *State v. Spain*, 263 Kan. 708, 718, 953 P.2d 1004 [1998]). However, "[i]t is not necessary that the defendant caused another person life-threatening injuries; it is necessary only that the defendant knowingly created a great risk of death to more than one person." *State v. Vontress*, 266 Kan. 248, 258, 970 P.2d 42 (1998), *disapproved on other grounds by State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006); see also *State v. Lopez*, 271 Kan. 119, 139-40, 22 P.3d 1040 (2001) (rejecting defendant's attempt to transform term "risk" from "creation of a possibility of an occurrence to causation of an occurrence").

The evidence presented at trial established that Astorga shot Rodriguez as Rodriguez stood in the doorway of his home. As Rodriguez was shot, Rodriguez' girlfriend stood behind and to the side of Rodriguez while her toddler stood directly behind her. The evidence further demonstrated that the .40 caliber bullet from Astorga's gun fatally wounded Rodriguez before passing through interior walls of the house and exiting through a back window.

Viewing this evidence in the light most favorable to the prosecution, we conclude a rational factfinder could have found beyond a reasonable doubt that Astorga created a great risk of death to more than one person when he shot Rodriguez. See, *e.g.*, *State v. Kirtdoll*, 281 Kan. 1138, 1152-53, 136 P.3d 417 (2006) (affirming risk of death aggravator finding when defendant fired gun in crowded nightclub); *Lopez*, 271 Kan. at 139-40 (affirming risk of death aggravator finding when defendant repeatedly fired gun inside moving vehicle and killed driver, thus creating great risk of death for passenger).

Because we find sufficient evidence to support the risk of death aggravator under K.S.A. 21-4636(b), we vacate Astorga's hard 50

sentence for the sole reason that it was imposed using a statutory procedure that violated his Sixth Amendment right to a jury trial.

In conclusion, in accord with the judgment of the United States Supreme Court we affirm in part, dismiss in part, vacate in part, and remand for resentencing.