NOT DESIGNATED FOR PUBLICATION

No. 112,692

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RONALD A. YEAGER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sumner District Court; R. SCOTT MCQUIN, judge. Opinion filed November 6, 2015. Appeal dismissed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.

*Kerwin L. Spencer*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., PIERRON and ARNOLD-BURGER, JJ.


*Per Curiam*: Ronald A. Yeager, convicted of indecent liberties with a child and sexual battery, seeks a new trial because in rebuttal, the State—without any objection from Yeager—introduced evidence of prior sexual acts between Yeager and one of the victims. We will not repeat the facts of the case because they are not pertinent to our review, which boils down to a question of law.

For the first time, Yeager argues in this appeal that the prosecutor erred by presenting K.S.A. 60-455 evidence at trial without giving the required statutory notice. That law requires the prosecuting attorney disclose the evidence to the defendant,

1

including statements of witnesses, at least 10 days before the scheduled date of trial or at such later time as the court may allow for good cause. See K.S.A. 2014 Supp. 60-455(e).

At trial, Yeager never objected to this evidence. Questions of evidence admissibility require contemporaneous objections to preserve the issue. For an appellate court to review a district court's decision on the admissibility of evidence, the party claiming error must have objected to the evidence when it was admitted. K.S.A. 60-404. This rule helps the district court avoid trial errors, including the presentation of tainted evidence. See *State v. McCaslin*, 291 Kan. 697, 707, 245 P.3d 1030 (2011), *overruled on other grounds by State v. Astorga*, 299 Kan. 395, 324 P.3d 1046 (2014). In addition, a party is not allowed to object on one basis at trial and then on a different basis on appeal. *State v. Mireles*, 297 Kan. 339, Syl. ¶ 2, 301 P.3d 677 (2013). Clearly, an appellate court may decline to reach the merits of a defendant's complaint that testimony was admitted in violation of K.S.A. 60-455 unless the defendant made a specific objection at trial that its admission violated that statute. *State v. Gaona*, 293 Kan. 930, 955-56, 270 P.3d 1165 (2012).

Yeager is using a different tactic. He does not frame this issue in terms of the admissibility of evidence, but in terms of prosecutorial misconduct because of its more generous standard of review. For example, claims of prosecutorial misconduct based on comments made during voir dire, opening statements, or closing arguments that are not evidence will be reviewed even when contemporaneous objections are not made at the trial. *State v. Anderson*, 294 Kan. 450, 461, 276 P.3d 200 (2012).

Yeager is trying to lead us down the wrong path. In *State v. King*, 288 Kan. 333, 204 P.3d 585 (2009), our Supreme Court considered the necessity of a contemporaneous objection in order to preserve claims of prosecutorial misconduct in the evidentiary context. *King* acknowledged the interplay of the contemporaneous objection rule for evidentiary issues and review of all claims of prosecutorial misconduct—even those not

2

objected to at trial. 288 Kan. at 344-46. The *King* court settled the conflict: "Alleged *Doyle* violations that occur during a prosecutor's questioning of a witness involve the improper admission of impeachment evidence; thus, appellate review of such conduct is subject to the contemporaneous-objection rule in K.S.A. 60-404." 288 Kan. 334, Syl. ¶ 7.

K.S.A. 60-404 has long provided:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

The Supreme Court in *King* emphasized this is a matter of legislative intent:

"Although our past decisions may have relaxed the objection requirement in the evidentiary context, this practice not only has led to confusion as to the standards that should be applied on appeal, but also has deemphasized the role of counsel at trial and has impaired the gatekeeping function of district courts in this state. [Citation omitted.] More importantly, this practice of reviewing evidentiary questions when no objection has been lodged runs contrary to the legislature's clearly stated intent in K.S.A. 60-404." 288 Kan. at 349.

The *King* court also gave clear directions that we must follow in this case: "From today forward, in accordance with the plain language of K.S.A. 60-404, evidentiary claims—including questions posed by a prosecutor and responses to those questions during trial—must be preserved by way of a contemporaneous objection for those claims to be reviewed on appeal." 288 Kan. at 349; see *State v. Shadden*, 290 Kan. 803, 835, 235 P.3d 436 (2010).

Following the example set out in *King*, if the admission of the K.S.A. 60-455 evidence in this case was erroneous, Yeager, as the party now complaining about its admission, was obliged to object to its admission when it was offered. With no such objection in the record, the question is not properly before us.

Appeal dismissed.