NOT DESIGNATED FOR PUBLICATION

No. 113,507

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN MARTIN PATTON, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES E. PHELAN, judge. Opinion filed May 6, 2016. Affirmed.

*Catherine A. Zigtema*, of Law Office of Kate Zigtema LC, of Lenexa, for appellant.

*Andrew Hamline*, legal intern, *Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ARNOLD-BURGER, J., and BURGESS, S.J.

*Per Curiam*: John Martin Patton Jr., was charged with domestic battery after E.W., his ex-girlfriend and mother of his child, claimed that he hit her. At trial, Patton was prevented from introducing general evidence related to E.W.'s history of drug use. Patton was found guilty and now appeals. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Patton was charged with domestic battery after hitting E.W., his ex-girlfriend and mother of his daughter. Prior to the start of his trial, Patton made the district court and opposing counsel aware of his desire to introduce evidence of E.W.'s drug use. The State objected to the admission of the evidence, arguing that it was improper character evidence. The district judge ruled that general evidence of E.W.'s drug use was inadmissible, noting: "I would agree that it is improper character evidence whether she is a drug user or not. I do agree that if she was under the influence at the time of this event, it could be relevant to this case. And would be a proper subject to cross examination."

Patton protested, arguing that he should be allowed to testify about E.W.'s drug use because it was the subject of the couple's argument on the day of the battery. The district judge rejected this argument and reaffirmed that it would not allow evidence of E.W.'s drug use generally, but that it would be permitted if Patton could "bring it in under some sort of exception which would allow that type of evidence to be admitted." Adding, "I don't know if you're going to inquire whether she was under the influence at the time. But everything outside of that, it sounds to me like character evidence and would be inadmissible." Patton lodged an objection to the ruling, saying "I note my objection to that ruling."

At trial, E.W. testified that Patton had called her and asked her to come to his house to collect some personal items that she had left there. Almost immediately after she arrived, the two began arguing. The argument started in Patton's bedroom where the two exchanged heated words. At some point, Patton pinned E.W. to the bed to prevent her from leaving. Eventually he let her up, and the two went outside where the argument continued. Patton again prevented E.W. from leaving by blocking the entrance to her car. Still blocking her car, Patton leaned in and attempted to kiss E.W. and she responded to the unwanted advance by hitting Patton in the face. Patton then slapped E.W. in the face

with such force that it knocked off her glasses. After E.W. retrieved her glasses, she went home and called the police.

Master Deputy Michael Scott Serpan responded to the call. Serpan testified that he interviewed E.W. who was "calm, cooperative, [and] serious" as she recounted the incident with Patton. At trial, photos Serpan took were admitted showing red marks on E.W.'s arms that she claimed were the result of Patton grabbing her and holding her down on his bed. Photos were also admitted that showed a red, raised mark on E.W.'s left cheek near her eye where Patton hit her.

Patton recounted the events somewhat differently. While he admitted that he argued with E.W. both in his room and outside, he denied pushing her on to his bed and blocking the door of her car to prevent her from leaving. Patton testified that after he and E.W. went outside, their conversation grew increasingly more heated until E.W. began hitting him. Patton pushed her back to arm's length after she hit him, but she came towards him and hit him again. Patton denied hitting E.W. in the face. Patton claimed that the confrontation only ended when Patton noticed that their daughter had come outside and was upset by the argument.

In closing arguments, Patton argued that he did not hit E.W., but any contact he did have with her was in self-defense. The instructions the jury was given included an instruction on self-defense. The jury returned a guilty verdict.

Patton filed a motion for a new trial or in the alterative for judgment of acquittal arguing that the district court erred when it prevented him from introducing evidence of E.W.'s drug use. At the sentencing hearing, the district court denied the motion and sentenced Patton 10 days' "shock time" in jail followed by 12 months' probation. Patton now appeals.

3

*Did the district court err when it prohibited Patton from introducing evidence of the victim's prior drug use*?

Patton argues that the district court erred when it prevented him from introducing evidence of E.W.'s prior drug use at trial. Patton objected below to the district court's ruling. However, Patton's objection was general—he did not specifically object on the basis that the district court's ruling violated his constitutional right to present a defense. This is an argument he raises for the first time on appeal. "An objection to the admission or exclusion of evidence must be timely and specific to preserve the issue for appellate review." *State v. Ulate*, 42 Kan. App. 2d 971, 978, 219 P.3d 841 (2009), *rev. denied* 291 Kan. 918 (2010); see K.S.A. 60-404. A timely and specific objection is a prerequisite for appellate review, even when the issue before this court involves a fundamental right. *State v. Levy*, 292 Kan. 379, 386, 253 P.3d 341 (2011). Strict adherence to this rule ensures that district courts are given the first opportunity to address evidentiary challenges, thereby decreasing the likelihood that a case will be reversed on appeal and remanded for a new trial. *State v. McCaslin*, 291 Kan. 697, 707, 245 P.3d 1030 (2011), *overruled on other grounds by State v. Astorga*, 299 Kan. 395, 324 P.3d 1046 (2014). This rule is a corollary to the rule that arguments not considered below will not be considered for the first time on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014).

Even if this court were to consider Patton's general objection sufficient to preserve his constitutional argument for appeal, he cannot prevail. A review of the district court would involve two steps. First, this court must determine whether the excluded evidence was relevant. *State v. Bowen*, 299 Kan. 339, 348, 323 P.3d 853 (2014). If it determines the evidence was relevant, this court then reviews the district court's decision to admit or exclude the evidence de novo. See *State v. Robinson*, 293 Kan. 1002, 1023, 270 P.3d

1183 (2012) ("whether an evidentiary ruling violated a defendant's constitutional rights" is reviewed de novo).

Evidence is relevant if it has any tendency to prove a material fact. 299 Kan. at 348. "Relevant evidence is both: (1) material, *i.e.* the fact has a legitimate and effective bearing on the decision of the case and is in dispute; and (2) probative." 299 Kan. at 348. Here, the district court ruled that general evidence of E.W.'s prior drug use could not be introduced, because it was inadmissible character evidence that was not relevant for any other purpose.

Patton contends that evidence of E.W.'s drug use was relevant because it would have shown that E.W. was suffering from withdrawals that affected her ability to perceive the events surrounding the alleged battery and because it prevented him from being able to present a self-defense argument. As to Patton's first argument, the district court's ruling allowed for the introduction of evidence related to E.W.'s drug use to the extent that such evidence was used to show that her testimony was unreliable because her ability to perceive or recollect the events surrounding the battery was impaired. Patton's first argument is unpersuasive.

The problem with Patton's second argument is that he made no attempt to admit evidence of E.W.'s drug use as part of his self-defense claim. As with his general argument that his right to present a defense was impaired, this specific claim of error is raised for the first time on appeal. The reasons for requiring specific objections and disallowing new arguments on appeal have already been set forth. To validate Patton's argument now would require this court to reverse and remand the case for a new trial— the exact outcome these rules seek to avoid.

At trial, Patton argued that he should be permitted to introduce evidence of E.W.'s drug use because it formed the basis of the argument between the couple on the day of

the alleged battery. To determine if this evidence was relevant, this court must ask whether E.W.'s history of drug use had "a legitimate and effective bearing" on an issue in the case that was in dispute; and, if so, was the evidence probative. See *Bowen*, 299 Kan. at 348. The answer to the first inquiry must be no. Whether E.W. used drugs on days other than the one in question had no bearing on the truth or value of her testimony or on the ultimate issue of whether Patton struck her. See *State v. Belote*, 213 Kan. 291, 295, 516 P.2d 159 (1973) ("Treating drug addiction as a trait of character as we think it must be . . . evidence of the same is inadmissible."). Having found that evidence of E.W.'s drug use was not relevant, it is unnecessary to move on to the second step of the analysis.

Because the district court did not err when it limited cross-examination of E.W. to discussion of her drug use on the day of the incident, the district court is affirmed.

Affirmed.