Wurst, D.J., dissenting:
I agree with Justice Johnson's assessment that, if an erroneous expert opinion on cause of death is added to the cumulative error analysis in this case, the prejudice caused by the cumulative effect of all of the errors denied Miller a fair trial. Further, I agree that the record establishes that Dr. Mitchell's expert opinion-that the cause of death was asphyxiation by strangulation-was not based on medical evidence, but rather it was based on the doctor's factual determination that Miller had lied to the police about being in the room with his wife when she died. That factual determination required Dr. Mitchell to assess the witnesses' credibility and weigh conflicting evidence, each a responsibility well within the capability and province of lay jurors, rendering his expert opinion unnecessary and inadmissible.
But I would go one step further and hold that trial counsel's objections were sufficient to preserve the question as a stand-alone issue for appellate review. As Miller asserts in his reply brief, Dr. Mitchell did not testify about the basis of his cause-of-death opinion at the first trial; the basis for his opinion did not appear in the death certificate or in the autopsy report; and it was not until cross-examination of the State's expert that the defense learned that the anatomical evidence was insufficient for Dr. Mitchell to conclude, to a reasonable degree of medical certainty, that Mary Miller died of asphyxia. Then, when the defense objected, the district court still had time to avoid the use of tainted evidence and avoid possible reversal and a new trial. See State v. McCaslin , 291 Kan. 697, 707, 245 P.3d 1030 (2011) (explaining the purpose of the contemporaneous objection rule), overruled on other grounds by State v. Astorga , 299 Kan. 395, 324 P.3d 1046 (2014). Therefore, I would review Miller's challenge to Dr. Mitchell's expert opinion on the cause of death.