NOT DESIGNATED FOR PUBLICATION

Nos. 121,267
121,268

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARSHAE LATRICE SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed June 5, 2020. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., HILL and ATCHESON, JJ.

PER CURIAM: Defendant Marshae Latrice Smith appeals the sentences the Johnson County District Court imposed on her for a series of financial crimes she committed against the residents of nursing homes where she worked as a care provider. Smith contends both that the fines arising from her multiple forgery convictions are infirm under the Sixth Amendment to the United States Constitution and that her criminal history had to be proved to a jury under § 5 of the Kansas Constitution Bill of Rights. Neither argument has merit. We affirm Smith's convictions and sentences.

1

The circumstances of Smith's underlying crimes are not germane to the legal issues she raises on appeal except to place those issues in some broad context. Smith stole checkbooks and financial cards from residents of the care facilities and used them for her own benefit. The district attorney charged Smith with a total of 31criminal acts, including 9 counts of forgery, in 2 cases that were jointly presented to the district court for disposition. Under an agreement with the State, Smith pleaded guilty as charged.

At the sentencing hearing in April 2019, Smith agreed she was in criminal history category B, requiring two past convictions for person felonies. Based on her criminal history, Smith faced a statutory presumption that she serve time in prison rather than being placed on probation. Through her lawyer, Smith requested a less severe punishment. The State opposed any sentencing reduction. The district court sentenced Smith to 31 months in prison in each case, reflecting the aggravated presumptive term of incarceration under the sentencing guidelines, and ordered the terms be served consecutively. In addition, the district court ordered Smith to pay a fine of $500 on the single forgery conviction in one of the cases and a total fine of $4,500 on the eight forgery convictions in the other case. Smith has appealed.

For her first issue on appeal, Smith attacks the mandatory fines for forgery convictions on the grounds the punishment violates her Sixth Amendment right to a jury trial as construed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and later related cases. Under the Kansas statute criminalizing forgery, a defendant must pay a fine equal to the lesser of the face amount of the forged instrument or $500 for a first conviction. K.S.A. 2019 Supp. 21-5823(b)(2). A recidivist forger faces similar fines tied to the amount of the falsified instrument with a maximum of $1,000 for a second conviction and a $2,500 maximum for each additional conviction. K.S.A. 2019 Supp. 21-5823(b)(3) and (4). Those mandatory fines are distinct from fines as a form of punishment a district court may generally impose in its discretion under the Kansas Criminal Code. See K.S.A. 2019 Supp. 21-6611.

Smith contends the fines in the forgery statute are facially unconstitutional under the Sixth Amendment. In *Apprendi*, the United States Supreme Court held that any fact other than an earlier conviction that would elevate a criminal defendant's sentence above a statutory maximum punishment must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490. The rule entails a specific application of the Sixth Amendment right to jury trial. And it applies to fines. *Southern Union Co. v. United States*, 567 U.S. 343, 346, 132 S. Ct. 2344, 183 L. Ed. 2d 318 (2012). In short, a district court cannot make factual findings and rely on those findings to impose an enhanced sentence on a defendant. But the United States Supreme Court has recognized an exception to the *Apprendi* rule when a criminal defendant admits or stipulates to the fact triggering the increased punishment as part of a plea to the charge. *Southern Union*, 567 U.S. at 348; *Blakely v. Washington*, 542 U.S. 296, 310, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) ("When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding."). The defendant's admission obviates the need for judicial fact-finding, since the district court may rely on the admission itself.

In launching a facial constitutional challenge to the mandatory fines in K.S.A. 2019 Supp. 21-5823(b), Smith has undertaken a formidable task. To succeed, Smith would have to show that under "'no set of circumstances'" could the fines be constitutionally imposed or that the statutory imposition of those fines for forgery convictions lacks any "'plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. 460, 472, 130 S. Ct. 1577, 176 L. Ed. 2d 435 (2010); see *United States v. Salerno*, 481 U.S. 739, 745, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987). We have a difficult time seeing how a criminal statute would be facially unconstitutional in the way Smith asserts. And the fines in the forgery statute clearly are not.

First, of course, the fines do not exceed some "legitimate sweep" in criminalizing forgery. They entail an entirely appropriate punitive tool, especially for a crime yielding a direct financial benefit to the defendant. We don't understand Smith to be resting her argument on that sort of claimed defect.

Rather, we take Smith's argument to be that any imposition of a fine under K.S.A. 2019 Supp. 21-5823(b) would require constitutionally impermissible judicial fact-finding as to the amount of the forged instrument, which either becomes the fine amount or triggers the statutorily prescribed amount. But that contention is equally unavailing. The statute does not mandate judicial fact-finding as the exclusive means of determining the fine amount. As part of a plea to a forgery charge, a defendant could agree or stipulate to the amount of the forged instrument, consistent with *Blakely*. We suppose that may be a common occurrence. Even if it were uncommon, the very existence of the possibility as a legal option prevents K.S.A. 2019 Supp. 21-5823(b) from running afoul of *Apprendi* for being facially unconstitutional. Smith's argument fails for that reason alone.

Smith does not challenge the constitutionality of the forgery fines in K.S.A. 2019 Supp. 21-5823(b) as applied to her in this case. The plea hearing undercuts an as-applied challenge had Smith made one. But it also illustrates why Smith's facial challenge necessarily fails, as well. The transcript of the plea hearing shows that Smith agreed to the prosecutor's recitation of the exact amounts of the eight forged checks in one of the cases in entering her guilty plea to those charges. In the other case, Smith agreed that the check providing the basis for the single count of forgery was drawn in an amount between $1,000 and $25,000. Those admissions were an integral part of the plea colloquy, establishing the factual bases for the convictions, and, therefore, easily fit within the exception recognized in *Blakely*. Consistent with the language in K.S.A. 2019 Supp. 21-5823(b), the district court properly relied on those admissions to fine Smith, obviating the need for any judicial fact-finding and demonstrating why the statute cannot be facially unconstitutional in the way Smith suggests.

4

In sum, we find the district court's imposition of fines on the forgery counts entailed neither impermissible judicial fact-finding nor a violation of Smith's right to jury trial.

For her other point on appeal, Smith contends the district court's reliance on her past convictions in determining her criminal history category compromised her right to a jury trial in § 5 of the Kansas Constitution Bill of Rights. That section of the Bill of Rights simply states: "The right of trial by jury shall be inviolate." Section 10 of the Kansas Constitution Bill of Rights separately guarantees a criminal defendant the right to "a speedy public trial by an impartial jury," among other protections. Smith says § 5 of the Bill of Rights requires the State to prove her past convictions to a jury before they can be used in compiling her criminal history. As we briefly explain, criminal history plays a significant part in determining sentences for most defendants, including Smith, convicted of felonies.

Convicted felons typically face presumptive punishment under the Kansas sentencing guidelines, except for some homicides and sex crimes that carry "off-grid" punishments including life sentences. The usual term of incarceration under the guidelines is derived from a matrix in which one axis consists of criminal history categories and the other axis consists of the severity levels legislatively assigned to particular felonies. For a given defendant, the usual term of imprisonment is found in a box on the matrix at the intersection of his or her criminal history category and the severity level for the crime of conviction. The box contains an aggravated term, a standard term, and a mitigated term, all expressed in months. And some boxes fall in a presumptive probation category and others in a presumptive imprisonment category, thereby directing whether a district court typically should place a defendant on probation or order incarceration. See K.S.A. 2019 Supp. 21-6804(a).

For Smith, her criminal history substantially increased the prison terms she faced and triggered a presumption for incarceration rather than probation. Smith says that because a jury never considered her criminal history, the district court improperly relied on her previous convictions in sentencing her in these cases. As a result, she contends she received an illegal sentence and should be resentenced without considering her past convictions. We are unpersuaded.

As we have already pointed out, the federal right to jury trial under the Sixth Amendment does not extend to proof of a defendant's past convictions for purposes of imposing a sentence in a pending case. In *Apprendi*, the Court expressly carved out "the fact of a prior conviction" from the constitutional limitation on judicial fact-finding. In turn, the Kansas Supreme Court has consistently rejected the argument that the state's sentencing guidelines violate the Sixth Amendment because a defendant's criminal history is not proved to a jury and instead rests on judicial fact-finding. *State v. Razzaq*, 309 Kan. 544, 552, 439 P.3d 903 (2019); *State v. Pribble*, 304 Kan. 824, 838-39, 375 P.3d 966 (2016) *State v. Fischer*, 288 Kan. 470, Syl. ¶ 4, 203 P.3d 1269 (2009); *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002).

The Kansas Supreme Court has also recognized that the jury trial rights in § 5 and § 10 of the Kansas Constitution Bill of Rights are coextensive with each other and are no broader than the Sixth Amendment right to jury trial. See *State v. Redick*, 307 Kan. 797, 803, 414 P.3d 1207 (2018) (recognizing § 5 and § 10 of the Kansas Constitution Bill of Rights and Sixth Amendment all afford criminal defendants a right to jury trial); *State v. Carr*, 300 Kan. 1, Syl. ¶ 1, 331 P.3d 544 (2014) (recognizing § 10 of the Kansas Constitution Bill of Rights to be comparable to Sixth Amendment), *rev'd and remanded on other grounds* 577 U.S. ___, 136 S. Ct. 633, 193 L. Ed. 2d 535 (2016); *State v. Conley*, 270 Kan. 18, 35-36, 11 P.3d 1147 (2000) (rejecting argument § 5 of the Kansas Constitution Bill of Rights guarantees greater rights than Sixth Amendment).[*]

[*]The *Conley* court recognized § 5 of the Kansas Constitution Bill of Rights to be no more extensive than the Sixth Amendment in rejecting an argument that the State constitutional right required that a jury find facts necessary to impose a hard-40 sentence for certain first-degree murder convictions even though the Sixth Amendment apparently did not. Thirteen years later, the United States Supreme Court overruled its own caselaw and held that the Sixth Amendment right to jury trial does apply to aggravating facts increasing a mandatory minimum punishment. *Alleyne v. United States*, 570 U.S. 99, 103, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (overruling *Harris v. United States,* 536 U.S. 545, 122 S. Ct. 2406, 153 L. Ed. 2d 524 [2002]). The *Alleyne* decision also effectively overruled the specific holding in *Conley* that permitted the imposition of a hard-40 sentence based on judicial fact-finding. See *State v. Astorga*, 299 Kan. 395, 395-96, 324 P.3d 1046 (2014) (recognizing *Alleyne* implicitly overruled *Conley*). But the extension of *Apprendi* to facts increasing mandatory minimum sentences does not in any way undercut *Conley*'s more fundamental determination that § 5 of the Kansas Constitution Bill of Rights affords no greater protections than the Sixth Amendment.

Given that authority, we necessarily must conclude that the Kansas Supreme Court would reject Smith's argument, since it depends upon § 5 of the Kansas Constitution Bill of Rights conferring greater rights than the Sixth Amendment. The court has declined to construe either § 5 or § 10 of the Kansas Constitution Bill of Rights that way. We, therefore, find no error in the district court's determination and application of Smith's criminal history in arriving at a guidelines sentence. We are not alone in that assessment of the argument Smith has advanced. Other panels of this court have rejected the contention in other cases. *State v. Albano*, No. 120,767, 2020 WL 1814326, at *8 (Kan. App. 2020); *State v. Billoups*, No. 120,040, 2020 WL 1969356, at *17-20 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 20, 2020; *State v. Brown*, No. 120,590, 2020 WL 1897361, at *7-8 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 18, 2020; *State v. Valentine*, No. 119,164, 2019 WL 2306626, at *6 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. ___ (December 17, 2019).

Affirmed.