NOT DESIGNATED FOR PUBLICATION

No. 121,675

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAIME CISNEROS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; COURTNEY D. BOEHM, judge. Opinion filed August 28, 2020. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS and POWELL, JJ.

POWELL, J.: Jaime Cisneros pled no contest to possession of marijuana with the intent to distribute. At sentencing, the district court found Cisneros to have a criminal history score of G and sentenced him accordingly. Cisneros now appeals, arguing for the first time that the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq., is unconstitutional because it allows a district judge, instead of a jury, to determine an offender's criminal history. We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are brief. As part of a plea agreement with the State, Cisneros pled no contest to possession of marijuana with the intent to distribute. The presentence investigation report determined that Cisneros had nine prior convictions and calculated his criminal history score to be G. At his sentencing hearing on July 19, 2019, when asked by the district court, Cisneros raised no objection to his criminal history score and the district court found his criminal history score to be G. Cisneros was sentenced to 54 months' imprisonment, the standard presumptive prison sentence for his offense and criminal history score.

Cisneros timely appeals.

ANALYSIS

On appeal, Cisneros argues the KSGA is unconstitutional. Specifically, Cisneros argues the district court's determination of his criminal history without requiring the State to prove the existence of each prior conviction to a jury beyond a reasonable doubt violated his right to a jury trial under § 5 of the Kansas Constitution Bill of Rights. He argues these factual findings had the effect of elevating his criminal history score and, therefore, increasing his sentence. The State replies that Cisneros has failed to preserve this issue for appellate review because he did not raise the issue below. A statute's constitutionality is a legal question subject to de novo review. See *Hilburn v. Enerpipe Ltd.*, 309 Kan. 1127, 1132, 442 P.3d 509 (2019); *State v. Mossman*, 294 Kan. 901, 906, 281 P.3d 153 (2012).

*Preservation*

Cisneros concedes he did not raise a potential § 5 violation before the district court. Generally, issues not raised below are waived on appeal. But our Supreme Court has delineated a few limited exceptions to this general rule allowing us to consider issues for the first time on appeal. See *State v. Jones*, 302 Kan. 111, 117, 351 P.3d 1228 (2015). Cisneros argues two exceptions apply: (1) His newly asserted theory involves only a legal question arising on proved or admitted facts and is finally determinative of his case and (2) consideration of his theory is necessary to prevent the denial of his fundamental rights.

The State argues neither exception applies. First, the State asserts Cisneros does not explain how resolving the issue would be finally determinative of his case. Next, the State argues the second exception does not apply because Cisneros did not object to his criminal history.

We are unpersuaded by the State's arguments as Cisneros' claim involves both a purely legal question and a fundamental right to a jury trial enumerated in both the United States Constitution and the Kansas Constitution. See U.S. Const. amend. VI; Kan. Const. Bill of Rights, § 5. Several panels of our court have found the issue preserved for these reasons. See *State v. Albano*, 58 Kan. App. 2d 117, 126, 464 P.3d 332 (2020), *petition for rev. filed* May 6, 2020; *State v. Hayes*, No. 120,801, 2020 WL 3579871, at *2 (Kan. App. 2020) (unpublished opinion); *State v. Lovett*, No. 121,287, 2020 WL 3579874, at *3 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* August 3, 2020; *State v. Billoups*, No. 120,040, 2020 WL 1969356, at *18 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 20, 2020. We agree with these panels and will consider the merits of Cisneros' argument.

*A defendant's criminal history need not be proven to a jury*

According to the KSGA, an offender's presumptive sentence is based upon the severity level of the crime committed and the offender's criminal history score. Generally speaking, the higher the severity level of the crime committed and the higher the criminal history score, the longer the presumptive prison sentence. See K.S.A. 2019 Supp. 21-6804(a). The criminal history score is determined by tabulating the offender's prior convictions and classifying them as either person or nonperson, felony or misdemeanor. K.S.A. 2019 Supp. 21-6809; K.S.A. 2019 Supp. 21-6810. An offender's criminal history must either be admitted to in open court by the offender or found by a preponderance of the evidence by the sentencing court at the sentencing hearing. K.S.A. 2019 Supp. 21-6814(a). Cisneros claims that having a district judge determine his criminal history rather than requiring the State to prove it to a jury beyond a reasonable doubt violates his constitutional right to a jury trial under § 5.

The Sixth Amendment and § 5 protect a criminal defendant's right to a trial by jury. Cisneros acknowledges that the constitutionality of judicial fact-finding to determine an offender's prior convictions under statutory sentencing schemes like the KSGA is well established. See *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). This exception concerning an offender's prior convictions stems from another United States Supreme Court case holding a prior conviction is a sentencing factor that does not need to be presented to a jury for the court to use it to increase a sentence. *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). Cisneros acknowledges this holding as well, though he tries to cast doubt on it by noting the *Apprendi* Court suggested *Almendarez-Torres* may have been incorrectly decided. See *Apprendi*, 530 U.S. at 489-90.

4

But, as the Kansas Supreme Court recognized, the criminal history exception in *Apprendi* is still the law of the land and the use of an offender's criminal history in sentencing does not violate the Sixth Amendment. See, e.g., *State v. Watkins*, 306 Kan. 1093, 1094, 401 P.3d 607 (2017); *State v. Johnson*, 304 Kan. 924, 956, 376 P.3d 70 (2016); *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002).

Constrained as he is by these rulings, Cisneros instead asserts § 5 provides a criminal defendant with greater protection than the Sixth Amendment. Cisneros argues § 5 protects the jury trial right as it was at common law when Kansas ratified its Constitution. To support his argument, Cisneros relies on Justice Thomas' concurrence in *Apprendi* and two of the cases cited by Justice Thomas. See *Apprendi*, 530 U.S. at 507-508 (Thomas, J., concurring).

However, our review of Justice Thomas' concurrence and Kansas law reveals no evidence that Kansas courts interpret § 5 differently than the Sixth Amendment. The Kansas Supreme Court has previously held that the jury trial rights contained in § 5 and § 10 of the Kansas Constitution Bill of Rights are coextensive with each other and are no broader than the Sixth Amendment. See *State v. Redick*, 307 Kan. 797, 803, 414 P.3d 1207 (2018) ("The Sixth Amendment to the United States Constitution and Sections 5 and 10 of the Kansas Constitution Bill of Rights guarantee a criminal defendant the right to a jury trial."). In fact, in *State v. Conley*, 270 Kan. 18, 35, 11 P.3d 1147 (2000), *cert. denied* 532 U.S. 932 (2011), *overruled on other grounds by State v. Astorga*, 299 Kan. 395, 324 P.3d 1046 (2014), our Supreme Court specifically rejected the argument that § 5 is more inclusive than the Sixth Amendment. Although *Conley* has been overruled on other grounds, its holding that the jury trial right contained in § 5 is no more extensive than the Sixth Amendment remains good law. *Billoups*, 2020 WL 1969356, at *19.

Nowhere in his brief does Cisneros show a connection between the cases he cites and Kansas law. Cisneros does not cite to any Kansas cases suggesting Kansas courts

should read § 5 to grant greater protections than the Sixth Amendment. Indeed, when Cisneros turns to Kansas law, he runs into a major roadblock. A review of recent Court of Appeals opinions reveals the obstacle is more daunting than he realizes. Every panel of our court to consider the question has rejected Cisneros' position. See, e.g., *Albano*, 58 Kan. App. 2d at 126-29 (2020); *Billoups*, 2020 WL 1969356, at *17-20; *State v. Brown*, No. 120,590, 2020 WL 1897361, at *7-8 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* May 18, 2020; *State v. Smith*, No. 121,267, 2020 WL 3022874, at *3-4 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* June 29, 2020; *Hayes*, 2020 WL 3579871, at *4; *Lovett*, 2020 WL 3579874, at *3; *State v. Davis*, No. 121,662, 2020 WL 3579911, at *1, 3-4 (Kan. App. 2020) (unpublished opinion), *petition for rev. filed* July 28, 2020; *State v. Valentine*, No. 119,164, 2019 WL 2306626, at *6 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019).

Given that Cisneros has not provided us any authority that the Kansas Supreme Court treats the jury trial right under the Kansas Constitution differently than the United States Constitution or any authority that the Kansas Supreme Court is changing its thinking on this point, we are compelled to follow it. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (Kansas Court of Appeals duty-bound to follow Kansas Supreme Court precedent unless some indication court is departing from previous position). Thus, we conclude § 5 does not offer greater protections to criminal defendants than the Sixth Amendment. Because the United States Constitution does not prohibit judicial fact-finding of an offender's criminal history, the Kansas Constitution does not prohibit it either.

The KSGA is not unconstitutional under § 5 and a jury is not required to determine an offender's criminal history.

Affirmed.