NOT DESIGNATED FOR PUBLICATION

No. 128,482

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH M. WALKER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed April 17, 2026. Affirmed.

*Jacob Nowak*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., ARNOLD-BURGER and SCHROEDER, JJ.

PER CURIAM: Joseph M. Walker, for the first time on appeal, challenges only the postrelease supervision period of his sentence, which requires lifetime postrelease supervision based on his guilty plea to attempted aggravated sexual battery. Before the district court, Walker acknowledged he was over the age of 18 at the time of the crime on the plea advisory of rights, the plea agreement, and before the district court judge at the plea hearing. The district court sentenced him to lifetime postrelease supervision—an enhanced period of supervision based on the fact of Walker's age. Walker now timely appeals, claiming the district court violated his constitutional right to have a jury

1

determine his age before enhancing his sentence. Walker did not raise this issue before the district court, and we decline to address the issue for the first time on appeal. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2024, the State charged then-40-year-old Walker with one count of aggravated sexual battery, a felony; one count of criminal threat, a felony; and one count of misdemeanor domestic battery. Shortly after, Walker entered a plea agreement with the State, where he agreed to plead no contest to attempted aggravated sexual battery and criminal threat. In Walker's signed plea agreement, he acknowledged he was over the age of 18 during the commission of the offenses and a direct consequence of his plea was lifetime postrelease supervision. As consideration for his plea, the State dismissed the domestic battery charge, and both parties agreed to jointly recommend the high number in the sentencing grid box, with the sentences to run concurrent, and the sentences would be presumptive imprisonment.

At the plea hearing, Walker agreed his signature was on the acknowledgment of rights and entry of plea. And he agreed, as part of the plea agreement, he was over 18 years old at the time of the crimes and any resulting conviction would require lifetime postrelease supervision.

The district court found Walker "executed a free, knowingly, intelligent, and voluntary waiver of rights and entered a plea of no contest," which the court accepted and then found Walker guilty of counts one and two. At sentencing, the district court found Walker's criminal-history score was A and sentenced him to 34 months for count 1 and 7 months for count 2, to run concurrent for a total term of 34 months, followed by lifetime postrelease supervision.

2

*We decline to consider Walker's constitutional claim for the first time on appeal.*

Walker argues, for the first time on appeal, the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), was violated. He now claims that, when the district court found he was over the age of 18 when he committed the crimes, the court improperly enhanced the length of his postrelease period of supervision and violated his constitutional right to have a jury determine his age. Walker argues his general plea to attempted aggravated sexual battery was not a waiver of his constitutional right to have a jury determine the "sentence-elevating age element." And he argues the error was not harmless.

The State first argues Walker's claim is not preserved for appeal because Walker did not explain why the issue was not raised below, nor did he seek to withdraw his plea or contest his conviction and sentence. As for the merits, the State argues the district court did not violate *Apprendi* because the defendant had the burden to show he fit into the 60-month postrelease exception by proving that he was under 18 years old when he committed the crimes. The State also argues there was no *Apprendi* violation because Walker admitted multiple times he was 18 years of age or older at the time of the offense. But if there was any error, it was harmless because the record shows Walker would not have contested his age had the district court sought a specific jury trial waiver from him.

*Preservation*

Walker acknowledges he did not raise this issue before the district court but argues we should address it because "both the legal question exception and the fundamental right exception apply." Acknowledging such an argument has been recently rejected by our

court, he also claims his argument may be reviewed for the first time because it is an illegal sentence which the court may correct at any time.

Kansas appellate courts "generally do not address legal theories raised for the first time on appeal," even those raising constitutional arguments. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024). But an argument may be heard for the first time on appeal when it falls into any of the following exceptions: (1) The newly asserted theory "involves only a question of law arising on proved or admitted facts and is finally determinative of the case"; (2) consideration of the theory "is necessary to serve the ends of justice or to prevent the denial of fundamental rights"; or (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

Our Supreme Court has considered an *Apprendi* claim for the first time on appeal by applying these exceptions. See, e.g., *State v. Gould*, 271 Kan. 394, 404-05, 23 P.3d 801 (2001); *State v. Conley*, 270 Kan. 18, 30-31, 11 P.3d 1147 (2000), *overruled on other grounds by State v. Astorga*, 299 Kan. 395, 324 P.3d 1046 (2014). But, our review of unpreserved issues is also prudential, and, even if an exception applies, we may decline to review it. *Mendez*, 319 Kan. at 730-31. Other panels of our court have recently declined to review similar issues, reasoning our court is designed to review decisions made by the trial courts, not to serve as forums for introducing new arguments or evidence. See *State v. Lucas*, No. 127,689, 2025 WL 3687175, at *3 (Kan. App. 2025) (unpublished opinion), *petition for rev. filed* January 20, 2026; *State v. Bednarz*, No. 126,821, 2025 WL 2265714, at *3 (Kan. App. 2025) (unpublished opinion) (rejecting review of unpreserved *Apprendi* claim because to do so, without defendant's explanation for why claim was not raised below, would "allow the exceptions to overcome the rule"), *petition for rev. filed* September 5, 2025. But see *State v. Contreras*, 66 Kan. App. 2d 182, 185, 579 P.3d 1278 (2025) (finding exceptions applied but "the main reason" panel considered claim was because defendant cited to caselaw decided while appeal was

4

pending), *rev. granted* 321 Kan. 791 (2026). Here, we exercise our discretion not to review this issue raised for the first time on appeal.

In exercising our prudential discretion, we find Chief Judge Warner's dissent in *Contreras* persuasive:

> "Reaching [this] claim for the first time on appeal is unfair to the sentencing court and to the State. It effectively allows [the defendant] to waive his right to a jury trial on the charged offenses and obtain a favorable plea, stand silent at sentencing and prevent any opportunity for the district court to inquire whether there was a stipulation as to [the defendant's] age or otherwise address the issue, and then challenge the resulting term of [lifetime] postrelease supervision on appeal—without allowing any opportunity for a record to be made from which we could determine whether that error was reversible." *Contreras*, 66 Kan. App. 2d at 194 (Warner, C.J., dissenting).

Walker's claim of unconstitutionality does not assist his position. Our Supreme Court has found K.S.A. 22-3504, the statute requiring correction of illegal sentences at any time, "does not include a claim that the sentence is illegal because it violates a constitutional provision. And *Apprendi*'s holding rests on constitutional grounds, specifically on the Sixth Amendment. 530 U.S. at 476-77. [Citations omitted.]" *State v. Hayes*, 312 Kan. 865, 868, 481 P.3d 1205 (2021).

Because Walker did not raise this issue before the district court and does not explain why he did not pursue other remedies available to address this issue before the district court, we decline his invitation to review it.

Affirmed.

5