NOT DESIGNATED FOR PUBLICATION

No. 120,801

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GREGORY A. HAYES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed July 2, 2020. Affirmed in part, vacated in part, and remanded with directions.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., GREEN, J., and TIMOTHY J. CHAMBERS, District Judge, assigned.


PER CURIAM: Gregory A. Hayes appeals his sentence following his convictions for kidnapping and aggravated sexual battery. On appeal, Hayes first argues that the trial court lacked substantial competent evidence to find his previous Missouri offense was comparable to the Kansas offense. Hayes' argument is persuasive, and the State concedes this issue. Second, Hayes argues that the Kansas Sentencing Guidelines Act (KSGA) violates the common-law right to a jury trial, which is preserved under the Kansas Constitution. We reject this argument. We conclude that Hayes' argument is devoid of any authority indicating Kansas courts have read § 5 of the Kansas Constitution Bill of

1

Rights as being broader than the Sixth Amendment to the United States Constitution. Thus, we conclude that Hayes' argument fails. As a result, we affirm in part, vacate in part, and remand with directions to determine if Hayes' 2010 Missouri conviction for second-degree assault should be scored as an adult person felony.

Hayes pled guilty to one count of kidnapping and one count of aggravated sexual battery. The presentence investigation (PSI) report calculated Hayes' criminal history as C based, in part, upon one 2010 Missouri conviction for second-degree assault under Mo. Rev. Stat. § 565.060. The PSI report scored this previous conviction as an adult person felony.

At sentencing, Hayes did not object to his criminal history score. And based on the criminal history score of C, the trial court sentenced Hayes to 134 months in the Department of Corrections with lifetime postrelease supervision.

*Did the Trial Court Err in Determining Hayes' Criminal History Score?*

Hayes argues that the trial court "potentially misclassified" his Missouri second-degree assault conviction as a person felony because the State failed to present evidence at sentencing that his prior conviction "was elementally identical to or narrower than a comparable Kansas person felony." Hayes argues that Missouri's second-degree assault statute included attempted acts and "Missouri's inchoate offense of attempting to commit a crime is not comparable to [Kansas'] crime of attempt." As a result, Hayes argues that "certain subsections of the Missouri second-degree assault statute cannot be categorized as a person felony in Kansas."

On that basis, Hayes asks us to remand his case to the trial court for a new hearing to determine his criminal history score. The State concedes that a remand is necessary. See *State v. Obregon*, 309 Kan. 1267, 1275-76, 444 P.3d 331 (2019) (remanding to

2

determine "appropriate classification" and directing the State to prove criminal history by a preponderance of the evidence). For that reason, we vacate Hayes' sentence and remand to the trial court to determine his appropriate criminal history classification.

*Does the KSGA Violate § 5 of the Kansas Constitution Bill of Rights?*

Hayes next argues that the KSGA violates the state common-law right to a jury trial, preserved in § 5 of the Kansas Constitution Bill of Rights, because it allows judicial findings of a defendant's prior convictions to elevate the punishment for a current conviction.

1. *We can consider this issue for the first time on appeal.*

Generally, constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following:  (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Hayes concedes that he did not raise this issue before the trial court, but he argues that he meets the first and second exceptions to the general rule of preservation. First, Hayes argues that this newly asserted theory is a purely legal challenge to the sentencing statute and the issue "has nothing to do with the particular facts of this case." Second, Hayes contends that review of this issue is necessary to guard against infringements to

the "'basic and fundamental'" right to a jury trial protected by § 5 of the Kansas Constitution Bill of Rights.

The State argues Hayes meets no exception that would allow this issue to be reviewed for the first time on appeal. The State contends the first exception does not apply, despite the argument being a purely legal question, because the decision by this court would not be determinative of Hayes' case. The State contends that even if this court agrees with Hayes' argument, "his prior convictions could be presented to a jury upon remand." The State also argues that Hayes' reliance on the second exception "rings hollow" because he failed to challenge his criminal history before or during sentencing.

We conclude that the State's arguments are not persuasive. Hayes' claim involves both a purely legal question and a fundamental right. The right to a jury trial is a fundamental right that is enumerated in both the United States Constitution and the Kansas Constitution. See U.S. Const. amend VI; Kan. Const. Bill of Rights, § 5; *State v. Beaman*, 295 Kan. 853, 858, 286 P.3d 876 (2012). As a result, we will consider his claim for the first time on appeal. See 295 Kan. at 857-58.

2. *Hayes' argument fails for multiple reasons.*

The constitutionality of judicial fact-finding of a criminal defendant's prior convictions under statutory sentencing schemes like the KSGA is well established. See *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). And our Supreme Court has repeatedly rejected the argument that the KSGA violated the Sixth and Fourteenth Amendments to the United States Constitution. See *State v. Watkins*, 306 Kan. 1093, 1094, 401 P.3d 607 (2017)

4

(citing *State v. Johnson*, 304 Kan. 924, 956, 376 P.3d 70 [2016]; *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 [2002]).

Although Hayes acknowledges this direct authority, he contends that the KSGA violates his constitutional right to a jury trial as preserved under the Kansas Constitution. Relying on Justice Thomas' concurring opinion in *Apprendi*, Hayes argues that under § 5 of the Kansas Constitution Bill of Rights, "[t]he right of trial by jury shall be inviolate." Thus, he argues that § 5 of the Kansas Constitution Bill of Rights preserves a common-law right to a jury trial on penalty-enhancing prior conviction findings.

Hayes argues that the *Apprendi* Court did not carve out the previous conviction finding exception based on common law, but rather it was "on the grounds that 'substantial procedural safeguards' could reasonably ensure the factual existence of an offender's prior convictions." See 530 U.S. at 488. And to support his position, Hayes seems to rely on a concurring opinion by Justice Thomas and centuries-old caselaw from Massachusetts and Georgia to show that "when the Kansas Constitution was enacted, criminal defendants had a common law right to a jury trial on penalty-enhancing prior conviction findings" and § 5 of the Kansas Constitution Bill of Rights "preserves that right."

This court addressed this issue in *State v. Valentine*, No. 119,164, 2019 WL 2306626, at *6 (Kan. App.) (unpublished opinion), *rev. denied* 310 Kan. 1070 (2019). The *Valentine* court determined that:

> "[i]n view of the Kansas Supreme Court's consistent rejection of the Sixth Amendment-based version of Valentine's current argument, it is incumbent on Valentine to provide authority showing our Supreme Court interprets—or would interpret—§ 5 of the Kansas Constitution Bill of Rights to require jury findings that the Sixth Amendment does not. He fails to do so." 2019 WL 2306626, at *6.

5

Hayes acknowledges the *Valentine* holding but argues that this holding "defeats the purpose of having intermediate levels of appellate review" and "tacitly conceded that our Supreme Court has not yet considered the precise question" at issue here.

Despite Hayes' belief that the *Valentine* decision defeated "the purpose of having intermediate levels of appellate review," his assertion comes to the same result. Hayes does not point to any existing authority, or any authority suggesting that our Supreme Court would interpret § 5 of the Kansas Constitution Bill of Rights to require jury findings that the Sixth Amendment does not. Instead, it seems Hayes would suggest that this court should conduct this analysis itself because this issue "demands consideration from the Court of Appeals," yet he provides no authority to support his claim.

Historically, our Supreme Court has interpreted the Kansas Constitution much like its corresponding federal provision. See *State v. Carr*, 300 Kan. 1, 56, 331 P.3d 544 (2014) ("We have not previously analyzed our state constitutional language differently from the federal provision."), *rev'd and remanded on other grounds* 577 U.S. ___, 136 S. Ct. 633, 193 L. Ed. 2d 535 (2016); *State v. Lawson*, 296 Kan. 1084, 1091, 297 P.3d 1164 (2013) ("[A]t least for the past half-century, this court has generally adopted the United States Supreme Court's interpretation of corresponding federal constitutional provisions as the meaning of the Kansas Constitution, notwithstanding any textual, historical, or jurisprudential differences.").

Nevertheless, recently, our Supreme Court held that it "has the authority to interpret Kansas constitutional provisions independently of the manner in which federal courts interpret corresponding provisions of the United States Constitution," which could lead to "the Kansas Constitution protecting the rights of Kansans more robustly than would the United States Constitution." *Hodes & Nauser, MDs v. Schmidt*, 309 Kan. 610, 621, 440 P.3d 461 (2019). The *Hodes* court determined that § 1 of the Kansas Constitution Bill of Rights identified rights distinct from and broader than those listed in

the Fourteenth Amendment to the United States Constitution. 309 Kan. at 624. In doing so, our Supreme Court employed an in-depth, de novo review of the Kansas Constitution under the standard "enunciated by [the] court in 1876," requiring:

> "'"[T]he best and only safe rule for ascertaining the intention of the makers of any written law, is to abide by the language they have used; and this is especially true of written constitutions, for in preparing such instruments it is but reasonable to presume that every word has been carefully weighed, and that none are inserted, and none omitted without a design for so doing."'" 309 Kan. at 622-23 (quoting *Wright v. Noell*, 16 Kan. 601, 607, 1876 WL 1081 [1876]).

Hayes does not explain why or if this court should interpret § 5 of the Kansas Constitution Bill of Rights differently than the Sixth Amendment. And rather than conduct a constitutional interpretation analysis as this issue would require, Hayes merely points to decisions from the Massachusetts and Georgia Supreme Courts to suggest that this was the law in a few states in the 1800s. Hayes fails to define a nexus between these decisions and § 5 of the Kansas Constitution Bill of Rights. Simply put, Hayes submits that because some common law that supports his argument was in effect when Kansas ratified its Constitution, then it must be precedent under which to analyze the argument under § 5 of the Kansas Constitution Bill of Rights. Ultimately, however, Hayes' premise fails to reach the result he seeks.

The State argues that our Supreme Court rejected a similar claim in *State v. Conley*, 270 Kan. 18, 11 P.3d 1147 (2000). In *Conley*, the court considered whether, under § 5 of the Kansas Constitution Bill of Rights, a jury should be required to "make the fact findings associated with a hard 40 determination." 270 Kan. at 35. Conley argued that the language in § 5 of the Kansas Constitution Bill of Rights was "more inclusive" than the language of the Sixth Amendment to the United States Constitution, but the *Conley* court held that this contention lacked merit. 270 Kan. at 35. The State here acknowledges that *Conley* "has been effectively overruled on other grounds" but

maintains that the court's rejection of Conley's argument remains good law. See *State v. Astorga*, 299 Kan. 395, 396, 324 P.3d 1046 (2014) (finding "the [United States] Supreme Court overruled the caselaw upon which this court indirectly based its decision" regarding hard 50 sentences).

Hayes does not address *Conley*, and the decision cuts against Hayes' assertion that our Supreme Court "has not yet considered the precise question of whether Section 5 of the Kansas Constitution Bill of Rights guarantees criminal defendants the right to a jury trial on penalty-enhancing prior conviction findings." Although the *Conley* court was considering the constitutional right to a jury for a hard 40 determination and the case was overruled on other grounds, the court's finding that the assertion "lacks merit" is instructive. 270 Kan. at 35. This court is duty bound to follow Kansas Supreme Court precedent absent some indication that our Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). Here, there is no indication that our Supreme Court is departing from its position in *Conley*, especially given the court's denial of Valentine's petition for review.

Based on *Conley* and Hayes' failure to develop our Kansas constitutional background showing how our Supreme Court would interpret § 5 of the Kansas Constitution Bill of Rights in such a way as to require jury findings that the Sixth Amendment to the United States Constitution does not, his argument fails. As a result, we conclude that Hayes had no state constitutional right to a jury trial to determine whether his previous conviction elevates the punishment for his current convictions.

Affirmed in part, vacated in part, and remanded with directions.