FILED
United States Court of Appeals
Tenth Circuit

June 28, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MICHAEL BROWN,

  Petitioner–Appellant,

v.

DAVID R. McKUNE,

  Respondent–Appellee.

No. 13-3081

(D.C. No. 5:11-CV-03147-SAC)

(D. Kan.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition. Petitioner was convicted of first-degree murder by a Kansas jury and sentenced to life imprisonment without the possibility of parole for forty years, a "hard forty" life sentence. His sentence and conviction were affirmed on direct appeal, and his claims for state post-conviction relief were likewise unsuccessful.

In his federal habeas petition, Petitioner raised four claims: (1) his constitutional right to a fair trial was violated when the trial court answered a jury question without

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner being present, (2) there was insufficient evidence of premeditation to support his murder conviction, (3) the trial court should have given the jury a cautionary instruction regarding informant testimony, and (4) there was insufficient evidence to support his hard forty life sentence. The district court concluded that Petitioner was not entitled to habeas relief on any of these claims.

Petitioner's first claim was based on a written jury query during deliberations as to the definition of premeditation. The trial court responded with a written answer simply—and correctly—directing the jury to refer to the instruction defining this term. Although Petitioner was not present, defense counsel was present in the judge's chambers and lodged no objection because she thought the court's response was appropriate.[1] Under these circumstances, it was not unreasonable for the Kansas Supreme Court to conclude that Petitioner's presence during the trial court's review of and response to the jury's question would not have affected the outcome. The due process clause requires a defendant's presence only "to the extent that a fair and just hearing would be thwarted by his absence," *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (internal quotation marks omitted), and thus the district court concluded that Petitioner was not entitled to habeas relief on this claim. As for Petitioner's second claim, the district court noted the ample evidence cited by the Kansas Supreme Court to support the conviction. *See State*

---

[1] Petitioner asserts that defense counsel was also absent when the trial court responded to the jury's query, but he cites to no evidence supporting this assertion, which is refuted by a statement in the record signed by his trial attorney, the trial court judge, and an assistant district attorney.

-2-

*v. Brown*, 37 P.3d 31, 36 (Kan. 2001) (describing "evidence that the final blow was delivered after defendant left the house and then returned to hit [the victim] once more," as well as other evidence of "a lack of provocation and a helpless victim"). As for Petitioner's third claim, the Kansas Supreme Court concluded as a matter of state law that Petitioner was not entitled to an informant instruction because the witnesses in this case were not informants as defined by Kansas law. In the district court proceedings, Petitioner conceded that the informant instruction was inapplicable but modified his claim to assert that the jury should have been given a cautionary instruction on the reliability of eyewitness testimony. However, the district court noted this modified claim had not been raised in the state court proceedings and was thus procedurally defaulted. Finally, the district court concluded that Petitioner's sentencing claim presented no basis for federal habeas relief, since it raised only state-law questions.

After carefully reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the correctness of the district court's thorough analysis. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, for substantially the same reasons given by the district court and by the state courts, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge

-3-