IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,660

STATE OF KANSAS,
*Appellee*,

v.

DAVID A. NOYCE,
*Appellant*.

SYLLABUS BY THE COURT

1.

The definition of an illegal sentence under K.S.A. 22-3504 does not include a claim that two or more criminal sentences are multiplicitous.

2.

The definition of an illegal sentence under K.S.A. 22-3504 does not include a claim that a criminal sentence violates a constitutional provision.

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed February 27, 2015. Affirmed.

*David Noyce*, appellant, was on the briefs pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

BILES, J.: David Noyce appeals the district court's summary denial of his pro se motion to correct an illegal sentence under K.S.A. 22-3504. He challenges his murder conviction as multiplicitous and for the first time on appeal argues his sentence is unconstitutional under *Alleyne v. United States*, 570 U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (sentencing scheme permitting judge to find aggravating circumstances necessary to impose increased mandatory sentence unconstitutional). We affirm.

This court has previously held that a multiplicity issue cannot be raised in a motion to correct an illegal sentence. See *State v. Sims*, 294 Kan. 821, Syl. ¶ 4, 280 P.3d 780 (2012) ("A claim that two or more criminal sentences are multiplicitous . . . does not come within the narrow definition of an illegal sentence under K.S.A. 22-3504[1]."). And even if preserved, a claim that a sentence is unconstitutional is outside the scope of K.S.A. 22-3504. *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007).

FACTUAL AND PROCEDURAL BACKGROUND

In February 1999, Noyce pleaded guilty to aggravated arson, premeditated first-degree murder, and capital murder after setting fire to a residence. Dalene and Clifford Noyce died as a result.

The first-degree murder conviction stems from Clifford's death, and the capital murder conviction arises from killing both Dalene and Clifford as part of the same act or transaction. A plea was entered in exchange for the State's promise not to seek the death penalty. The parties agreed to recommend two consecutive life sentences with mandatory minimums of 40 years' imprisonment each (hard 40) for the murders, and a consecutive

2

51-month sentence for arson. The district court imposed the sentences recommended by the plea agreement.

In November 2013, Noyce filed a pro se motion under K.S.A. 22-3504 to correct an illegal sentence, arguing his first-degree murder sentence was illegal because the first-degree and capital murder convictions both punished him for the same murder (Clifford's). In legal parlance, Noyce argued the convictions were multiplicitous. In its response, the State argued Noyce's claim was not properly raised as a motion to correct an illegal sentence. The district court summarily dismissed the claim on a different ground, holding:  "The sentence for capital murder (Ct. 3) would render moot any need to resentence [defendant] on ct. 2."

Noyce timely appeals to this court. We have jurisdiction because Noyce received two life sentences. See K.S.A. 2014 Supp. 22-3601(b)(3) (Supreme Court jurisdiction over appeal from life sentence).

ANALYSIS

When a district court summarily denies a motion to correct an illegal sentence, this court applies de novo review because it has the same access to the motion, records, and files. Like the district court, we must determine if these documents conclusively show the movant is not entitled to relief. *State v. Trotter*, 296 Kan. 898, 901-02, 295 P.3d 1039 (2013).

A defendant may challenge a criminal sentence in a motion under K.S.A. 22-3504 only if the defendant claims the sentence is illegal under any of three theories:  (1) The sentence was imposed by a court lacking jurisdiction; (2) it does not conform to the statutory provision either in character or term of the punishment authorized; or (3) the

3

sentence is ambiguous with regard to the time and manner in which it is to be served. *Sims*, 294 Kan. at 825; see *State v. Deal*, 286 Kan. 528, Syl. ¶ 1, 186 P.3d 735 (2008).

This court has previously held multiplicity cannot be raised in a motion to correct an illegal sentence. *State v. Bradford*, 299 Kan. 288, 289, 323 P.3d 168 (2014); *Sims*, 294 Kan. at 826; *State v. Edwards*, 281 Kan. 1334, 1338-39, 135 P.3d 1251 (2006). A multiplicity claim is an attack on the conviction, not a sentencing matter. *Bradford*, 299 Kan. at 290.

Similarly, Noyce's contention that his sentence is unconstitutional under *Alleyne* fails. Generally, constitutional issues cannot be raised for the first time on appeal. *State v. Gomez*, 290 Kan. 858, 862, 235 P.3d 1203 (2010). But even if an exception to the general procedural rule permitted review, the statutory definition of an illegal sentence does not include a claim that a sentence violates a constitutional provision. *Mitchell*, 284 Kan. at 377.

In addition, Noyce's challenge cannot be saved by construing it under K.S.A. 60-1507. To begin with, Noyce expressly stated in his brief that he was not arguing his motion under K.S.A. 60-1507. Secondly, the motion was filed more than 15 years after the final order in this case. See K.S.A. 60-1507(f)(2) (time limitation on K.S.A. 60-1507 motion can be extended to prevent manifest injustice); *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013) (movant has duty to provide specific factual foundation to support claim of manifest injustice). Noyce has not demonstrated manifest injustice to the district court in order to properly bring a 1507 motion. For these reasons, this court rejected a recent motion to convert Noyce's pleading to a 1507 motion.

Finally, we reject Noyce's most recent motion for remand for a hearing under *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986). A *Van Cleave* hearing arises as a

4

matter of appellate court discretion to remand ineffective assistance of counsel allegations after sufficient showing in a direct appeal as an alternative to the remedy afforded through K.S.A. 60-1507. 239 Kan. at 120. His case is not in that procedural posture.

Although it gave an incorrect basis for its ruling, *i.e.*, that Noyce's capital murder conviction would render moot any resentencing, we affirm the district court's summary dismissal of the motion to correct an illegal sentence for the reasons explained. See *State v. Unruh*, 263 Kan. 185, Syl. ¶ 2, 946 P.2d 1369 (1997) ("The judgment of the trial court, if correct, is to be upheld even though the court may have relied upon a wrong ground or assigned an erroneous reason for its decision.").

Affirmed.