IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,350

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL A. BROWN,
*Appellant*.

SYLLABUS BY THE COURT

1.

A claim that a sentence was imposed in violation of the constitutional holding in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), does not fit within the definition of an illegal sentence that may be addressed with a K.S.A. 22-3504(1) motion to correct an illegal sentence.

2.

K.S.A. 2013 Supp. 21-6620(d)(2) excludes convictions and sentences that were final prior to June 17, 2013, from that statute's hard 50 sentencing procedures, except for those cases in which the conviction or sentence is subsequently vacated in a collateral proceeding for some reason unrelated to the provisions of K.S.A. 2013 Supp. 21-6620(d)(2). This statute, K.S.A. 2013 Supp. 21-6620(d)(2), does not provide an independent reason to correct a hard 50 life sentence that was final prior to June 17, 2013.

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed May 12, 2017. Judgment of the district court is affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, was on the brief for appellant.

1

*Sheryl L. Lidtke*, chief deputy district attorney, *Jerome A. Gorman,* district attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.:  Michael Brown appeals the district court's denial of his motion to correct an illegal sentence, in which he argued that *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), renders his judicially enhanced life sentence illegal. The district court rejected Brown's argument that K.S.A. 2013 Supp. 21-6620 mandates retroactive application of *Alleyne* and accordingly denied postconviction relief. We affirm.

## FACTUAL AND PROCEDURAL OVERVIEW

Brown was convicted in 1999 of first-degree murder and sentenced to an imprisonment term of life without possibility of parole for 40 years (hard 40 life sentence). His conviction and sentence were affirmed on direct appeal. *State v. Brown*, 272 Kan. 809, 822, 37 P.3d 31 (2001).

Brown has previously mounted two collateral attacks on his conviction or sentence:  a K.S.A. 60-1507 motion, which was denied in 2004, and a K.S.A. 22-3504 motion to correct an illegal sentence, which was denied in 2011. *Brown v. State*, No. 90,900, 2004 WL 2694255 (Kan. App. 2004) (unpublished opinion), *rev. denied* 279 Kan. 1005 (2005); *State v. Brown*, No. 101,275, 2011 WL 1344637 (Kan. App. 2011) (unpublished opinion). Brown has also unsuccessfully sought habeas relief in the United States District Court on two occasions. *Brown v. McKune*, No. 05-3437-SAC, 2006 WL 2037394 (D. Kan. 2006) (unpublished opinion); *Brown v. McKune*, No. 11-3147-SAC, 2013 WL 823317 (D. Kan. 2013) (unpublished opinion), *appeal dismissed* 517 Fed. Appx. 623 (10th Cir. 2013) (unpublished opinion).

2

The current action began in 2013 when Brown filed a pro se K.S.A. 22-3504 motion to correct an illegal sentence. After appointing counsel and hearing arguments, the district court denied relief under K.S.A. 22-3504, finding that *Alleyne* did not apply retroactively to cases that were final when it was decided.

Brown timely appeals.

RETROACTIVE APPLICATION OF *ALLEYNE* HOLDING TO FINAL CASES

In *Alleyne*, the United States Supreme Court expanded the reach of the Sixth Amendment's right to a jury trial by requiring that any fact which increases a sentence beyond the mandatory minimum be submitted to a jury and proven beyond a reasonable doubt. 133 S. Ct. at 2162-63. In *State v. Soto*, 299 Kan. 102, 124, 322 P.3d 334 (2014), we found that *Alleyne* rendered the Kansas hard 50 sentencing scheme unconstitutional and applied it to cases not yet final when *Alleyne* was decided. See *State v. Moore*, 302 Kan. 685, 710-11, 357 P.3d 275 (2015); *State v. Killings*, 301 Kan. 214, 243-44, 340 P.3d 1186 (2015); *State v. Holt*, 300 Kan. 985, 1009-10, 336 P.3d 312 (2014); *State v. Roeder*, 300 Kan. 901, 940-43, 336 P.3d 831 (2014); *State v. Hayes*, 299 Kan. 861, 867-68, 327 P.3d 414 (2014); *State v. Lloyd*, 299 Kan. 620, 643-45, 325 P.3d 1122 (2014); *State v. DeAnda*, 299 Kan. 594, 594-95, 324 P.3d 1115 (2014); *State v. Astorga*, 299 Kan. 395, 401-04, 324 P.3d 1046 (2014); *State v. Hilt*, 299 Kan. 176, 202-05, 322 P.3d 367 (2014). The same rationale applies to the previously imposed hard 40 sentences.

In *State v. Moncla*, 301 Kan. 594, 553-54, 343 P.3d 1161 (2015), we considered the propriety of raising the issue of the retroactive application of *Alleyne* in a collateral attack brought under K.S.A. 22-3504. We held that, because the definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, a defendant cannot use a motion to correct an illegal sentence under K.S.A. 22-3504 to

3

seek relief based on the constitutional holding in *Alleyne*. See *State v. Kirtdoll*, 306 Kan. ___, ___ P.3d ___ (No. 114,465, this day decided), slip op. at 8; *State v. Dickey*, 305 Kan. 217, 221, 380 P.3d 230 (2016); *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016); *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016); *State v. Noyce*, 301 Kan. 408, 410, 343 P.3d 105 (2015).

But Brown attempts to craft an interpretation of K.S.A. 2013 Supp. 21-6620 that would mandate the retroactive application of *Alleyne*. Brown recognizes that he could have brought his motion under K.S.A. 60-1507 but chose not to, given his confidence in this statutory argument. It is unlikely Brown would have found success with a K.S.A. 60-1507 motion, given the dual barriers of untimeliness and successiveness. See *Kirtdoll*, 306 Kan. at ___, slip op. at 7-8; *Verge v. State*, 50 Kan. App. 2d 591, 335 P.3d 679 (2014), *rev. denied* 302 Kan. 1022 (2015).

The hard 40/50 sentencing statute, K.S.A. 2013 Supp. 21-6620, was amended by special legislative session after *Alleyne* was decided. See L. 2013, ch. 1, § 1 (Special Session); *Soto*, 299 Kan. at 128. We exercise de novo review to interpret its provisions. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015) (statutory interpretation of a legal question subject to unlimited review). In relevant part, K.S.A. 2013 Supp. 21-6620 provides:

"(d) The amendments to subsection (c) by this act:

"(1) Establish a procedural rule for sentencing proceedings, and as such shall be construed and applied retroactively to all crimes committed prior to the effective date of this act, except as provided further in this subsection; (2) shall not apply to cases in which the defendant's conviction and sentence were final prior to June 17, 2013, unless the conviction or sentence has been vacated in a collateral proceeding, including, but not limited to, K.S.A. 22-3504 or 60-1507, and amendments thereto; and (3) shall apply only in sentencing proceedings otherwise authorized by law.

4

"(e) Notwithstanding the provisions of subsection (f), for all cases on appeal on or after the effective date of this act, if a sentence imposed under this section, prior to amendment by this act, or under K.S.A. 21-4635, prior to its repeal, is vacated for any reason other than sufficiency of the evidence as to all aggravating circumstances, resentencing shall be required under this section, as amended by this act, unless the prosecuting attorney chooses not to pursue such a sentence."

Brown argues that the language in subsection (e) mandates application of the amended hard 40/50 sentencing statute and its requirement that factors that increase a sentence above its mandatory minimum be found by a jury. However, his argument ignores the condition precedent within that subsection: "if a sentence … is vacated." Brown's sentence has not been vacated; therefore, the retroactivity provisions within K.S.A. 2013 Supp. 21-6620 are not triggered.

Brown's argument puts the cart before the horse. K.S.A. 2013 Supp. 21-6620(d)(2) lays out the procedure to be followed if the sentence in a case that was final before June 17, 2013, is later vacated in a collateral proceeding. But the statute does not provide an independent basis for vacating those sentences; nor does it mandate vacating those sentences.

Brown also attempts to distinguish the posture of his case from that of the defendants in *Moncla* and its progeny by declaring that in *Soto*, we declined to rule on the retroactivity of *Alleyne*, deeming the issue as not ripe until resentencing was attempted. This misstates our holding in *Soto*. That case invalidated Kansas' hard 50 sentencing scheme and vacated the defendant's sentence by applying *Alleyne*'s new rule of law in a case that was not yet final. *Soto*, 299 Kan. at 124. In other words, *Soto* applied *Alleyne*'s holding prospectively, and, therefore, K.S.A. 2013 Supp. 21-6620 was simply not applicable to the resolution of the case. Brown's confusion apparently stems from *Soto*'s declination of the invitation to give an advisory opinion on whether K.S.A. 2013 Supp.

5

21-6620 could be used by the State to attempt to resentence Brown to a hard 40 life sentence after remand to the district court. Given that Brown's sentence is not being vacated, the validity of the retroactivity provisions in K.S.A. 2013 Supp. 21-6620 are definitely not germane in his case.

Brown's statutory arguments are unavailing. Consequently, pursuant to *Moncla*, Brown chose the wrong vehicle with which to mount his constitutionality challenge to his hard 40 life sentence, albeit he did not have any better remedial path. See *Kirtdoll*, 306 Kan. at ___, slip op. at 8 (*Alleyne* holding cannot be retroactively applied in a K.S.A. 60-1507 collateral attack).

Affirmed.