NOT DESIGNATED FOR PUBLICATION

Nos. 116,830
117,377

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LUKE REED,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed February 2, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM: Luke Reed contends the district court erred in denying his motion to correct an illegal sentence, his related motion to alter or amend the judgment, and his motion to convert his sentence. Finding no error, we affirm.

*Factual and procedural background*

In 1982, a jury convicted Reed of one count of aggravated kidnapping and one count of rape. The district court sentenced Reed to 15 years to life imprisonment for the rape charge and life imprisonment for the aggravated kidnapping charge, with the sentences to run consecutively.

Reed filed a direct appeal arguing only that the district court abused its discretion by allowing an amendment to the information. The Kansas Supreme Court affirmed his conviction. *State v. Reed*, 672 P.2d 1106 (1983). Since then, Reed has filed numerous motions challenging his convictions and sentence, including at least eight K.S.A. 60-1507 motions, resulting in multiple appeals. See *State v. Reed*, No. 110,867, 2014 WL 7152351 (Kan. App. 2014) (unpublished opinion); *Reed v. State*, No. 104,127, 2011 WL 3795471 (Kan. App. 2011) (unpublished opinion); *Reed v. State*, No. 99,261, 2008 WL 5401422 (Kan. App. 2008) (unpublished opinion); *Reed v. State*, No. 89,376, 2003 WL 22479536 (Kan. App. 2003) (unpublished opinion).

In May 2004, Reed filed a pro se motion to correct an illegal sentence arguing his convictions for aggravated kidnapping and rape were multiplicious based on *State v. Garcia*, 272 Kan. 140, 32 P.3d 188 (2001), *disapproved of by State v. Schoonover*, 281 Kan. 453, 133 P.3d 48 (2006). The district court denied his motion, and Reed appealed. In August 2006, the Kansas Court of Appeals summarily affirmed under Supreme Court Rule 7.041 (2006 Kan. Ct. R. Annot. 52), because the Kansas Supreme Court had recently held multiplicity issues could not be raised in a motion to correct an illegal sentence.

In January 2007, Reed filed a pro se motion under K.S.A. 60-1507 but did not raise the multiplicity issue. The district court denied that motion. This court affirmed in

part because the motion was successive, untimely, and barred by res judicata. *Reed*, 2008 WL 5401422.

In July 2013, Reed filed another pro se motion to correct illegal sentence, again arguing his convictions were multiplicious under *Garcia*. The district court denied the motion finding it was successive, was an abuse of remedy, and was barred by res judicata and law of the case. Reed did not appeal.

On December 15, 2014, Reed filed a motion to set aside a void judgment, again arguing that his convictions were multiplicious. The district court denied the motion finding it was barred by res judicata. Reed appealed, but the appeal was dismissed for failure to docket. Reed's attorney later filed a motion to withdraw, explaining she had not docketed the appeal because she believed to do so would violate her professional ethical duty not to file frivolous pleadings. The district court granted her motion to withdraw and declined to appoint another attorney.

On December 23, 2015, Reed filed his third pro se motion to correct an illegal sentence, arguing his convictions were multiplicious. The district court denied the motion finding it was successive and was barred by res judicata. Reed then filed a motion to alter or amend judgment, asking the court to interpret his motion to correct an illegal sentence as a K.S.A. 60-1507 motion. The court denied the motion, again finding it was successive and barred by res judicata. Reed appeals that denial, as well as the court's denial of his motion for sentence conversion. The two appeals were consolidated.

*Are Reed's Convictions for Aggravated Kidnapping and Rape Multiplicious?*

*Motion to correct illegal sentence*

Reed first argues that the district court erred in denying his motion to correct an illegal sentence because his convictions are multiplicious. Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which we have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). When a district court summarily denies a motion to correct illegal sentence, we apply a de novo standard of review. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

The district court found that res judicata barred consideration of Reed's multiplicity claim. The doctrine of res judicata prevents relitigation when the following conditions concur: "(1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity in the quality of persons for or against whom claim is made." *State v. Robertson*, 298 Kan. 342, 344, 312 P.3d 361 (2013). The doctrine applies to issues raised and decided in prior K.S.A. 60-1507 motions or motions to correct an illegal sentence. *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012).

Reed has raised the same multiplicity argument in two motions to correct an illegal sentence prior to this appeal. He also attempted to circumvent res judicata by filing a motion to set aside a void judgment raising the same issue. The district court denied all his previous motions, and the Court of Appeals affirmed the district court on appeal. Thus, res judicata bars his most recent motion raising that same issue.

Furthermore, a motion to correct an illegal sentence is not the appropriate vehicle to raise multiplicity issues. *State v. Edwards*, 281 Kan. 1334, 1341, 135 P.3d 1251 (2006). A multiplicity claim may not be raised in a motion to correct illegal sentence

4

because multiplicity is an attack on the defendant's conviction rather than an attack on the sentence. *State v. Noyce*, 301 Kan. 408, 409-10, 343 P.3d 105 (2015). A claim that sentences are multiplicitous is not a claim that the sentences were imposed by a court without jurisdiction as is necessary to come within the narrow definition of illegal sentence under K.S.A. 22-3504(1).

*Motion to alter or amend*

After the district court denied his motion to correct illegal sentence, Reed filed a motion to alter or amend the judgment asking the court to interpret his motion as though it had been filed under K.S.A. 60-1507. The court denied that motion as well. Reed contends this was error.

Because pro se pleadings should be liberally construed, we have, on occasion, treated pro se motions to correct an illegal sentence as K.S.A. 60-1507 motions. See, e.g., *State v. Singleton*, 33 Kan. App. 2d 478, 480, 104 P.3d 424 (2005). In this case, however, the record indicates Reed was well aware of the difference between a motion to correct an illegal sentence and a motion under K.S.A. 60-1507, having filed at least eight prior K.S.A. 60-1507 motions and two prior motions to correct an illegal sentence. *Reed*, 2014 WL 7152351, at *1. Additionally, we previously affirmed the denial of Reed's 2004 motion to correct an illegal sentence because multiplicity claims cannot be raised in such a motion. Under the circumstances of record, we find no reason to grant Reed the benefit of the doubt regarding his knowledge of the proper motion in which to raise a multiplicity issue.

Moreover, a K.S.A. 60-1507 motion would be successive at this point. "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2,

5

295 P.3d 1039 (2013). Reed claims that his aggravated kidnapping charge is multiplicious under *Garcia*, but he has filed at least one K.S.A. 60-1507 motion since the *Garcia* decision without raising the multiplicity issue. *Reed*, 2008 WL 5401422. He has not presented any reason justifying his failure to raise the multiplicity issue in his prior K.S.A. 60-1507 motion.

The district court did not err in denying Reed's motion to correct an illegal sentence because it was barred by res judicata. The court did not err in denying his motion to alter or amend judgment because Reed was aware of the difference between a motion to correct an illegal sentence and a K.S.A. 60-1507 motion, and a K.S.A. 60-1507 motion would have been successive.

*Motion for sentence conversion*

Reed next argues the district court erred in denying his motion for sentence conversion. In 1997, Reed filed a "Motion for Hearing Regarding Conversion of Sentences Under Kansas Sentencing Guidelines." The court denied that motion on multiple grounds, including that Reed was not eligible for sentence conversion. Reed did not appeal.

On November 7, 2016, Reed filed another motion asking the district court to convert his sentences. But that claim was meritless. Under K.S.A. 21-4724, "only sentences for crimes that would have been classified as severity level 5 or 6 if the person had been sentenced under the [Kansas Sentencing Guidelines Act] [are] eligible for conversion." *State v. Jeffries*, 304 Kan. 748, 752, 375 P.3d 316 (2016). Under the Kansas Sentencing Guidelines Act, aggravated kidnapping is a severity level 1 offense, and rape is a severity level 1 or 2 offense. See K.S.A. 21-3421; K.S.A. 2016 Supp. 21-5408; K.S.A. 21-3502; K.S.A. 2016 Supp. 21-5503. Thus, Reed was not eligible for sentence conversion.

Reed's appeal of the court's order denying his motion to correct illegal sentence was docketed on December 7, 2016. On December 20, 2016, the court denied his motion for sentence conversion, finding it lacked jurisdiction to rule on the motion because Reed's appeal had already been docketed. See *State v. Fritz*, 299 Kan. 153, 155, 321 P.3d 763 (2014) (noting that the district court loses jurisdiction to act once an appeal has been docketed in the appellate courts). Alternatively, the court held the issue was barred by res judicata.

Reed does not argue that the district court erred in ruling that it lacked jurisdiction. He also does not argue that the court erred in finding his issue was barred by res judicata. Because he has not briefed these issues, he has waived and abandoned them. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

Affirmed.