IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,881

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL STEVEN HAYES,
*Appellant*.

SYLLABUS BY THE COURT

1.

The plain language of K.S.A. 22-3504, which allows an illegal sentence to be corrected at any time, operates as a legislative override of traditional principles of waiver, abandonment, and res judicata.

2.

The plain language of K.S.A. 2018 Supp. 22-3504(3) defines an illegal sentence as one imposed by a court without jurisdiction, one that does not conform to statutes, or one that is ambiguous. This definition does not include a claim that the sentence is illegal because it violates a constitutional provision.

3.

The holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)—that a jury, not the sentencing court, must determine that the State has proven beyond a reasonable doubt any fact that increases a sentence beyond its statutory maximum—does not apply to cases final before *Apprendi*'s filing.

1

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed March 5, 2021. Affirmed.

*John R. Kurth*, of Kurth Law Office Incorporated, P.A., of Atchison, was on the brief for appellant.

*Patrick E. Henderson*, assistant county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.:  Michael Steven Hayes seeks review of the district court's summary denial of his motion to correct an illegal sentence. Hayes argues his sentence is illegal under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). In *Apprendi*, the United States Supreme Court applied the Sixth Amendment to the United States Constitution and held that the State must prove beyond a reasonable doubt any fact that increases the penalty for a crime beyond the prescribed statutory maximum and that a jury, not the sentencing judge, must determine if the State met that burden. 530 U.S. at 476-77. Here, the sentencing judge granted the State's request for an upward departure without the use of a jury.

But several factors prevent Hayes from pursuing relief through a motion for illegal sentence. First, a motion for illegal sentence cannot serve as a vehicle for raising constitutional issues, such as an *Apprendi* Sixth Amendment claim. Second, in *State v. Gould*, 271 Kan. 394, Syl. ¶ 6, 23 P.3d 801 (2001), this court held that *Apprendi* did not apply retroactively to cases final before it was decided. Hayes' direct appeal ended in 1996—about four years before *Apprendi* became final.

2

We thus affirm the district court's summary dismissal of Hayes' motion to correct an illegal sentence.

FACTUAL AND PROCEDURAL BACKGROUND

An Atchison County jury convicted Hayes of first-degree murder, aggravated robbery, and conspiracy to commit robbery. The convictions arose from his role in a robbery and murder. *State v. Hayes*, 258 Kan. 629, 629-30, 908 P.2d 597 (1995); *State v. Cox*, 258 Kan. 557, 560-61, 908 P.2d 603 (1995).

Before sentencing, the State filed a motion for upward departure for the aggravated robbery and conspiracy convictions based on aggravating factors. In its motion, the State argued the crime was excessively brutal because testimony from the doctor who conducted the autopsy revealed that the victim was shot in the back of the head at a range of less than one foot. The district court granted the motion and doubled the sentence for both the aggravated robbery and the conspiracy convictions and ordered them to run consecutive to each other and to the life sentence for murder.

This court affirmed Hayes' convictions on direct appeal. *Hayes*, 258 Kan. at 638. The mandate, which marks the judgment's finality, issued on January 9, 1996.

Hayes has sought relief from his sentence through several motions. Before filing the motion we now consider, he had filed a K.S.A. 60-1507 motion and an earlier motion for illegal sentence. The district court denied both motions, and those decisions were affirmed on appeal. *See State v. Hayes*, 307 Kan. 537, 539, 411 P.3d 1225 (2018); *Hayes v. State*, No. 102,448, 2010 WL 5139930 (Kan. App. 2010) (unpublished opinion), *rev. denied* 291 Kan. 912 (2011).

3

In this his latest motion, Hayes cites *Apprendi*, 530 U.S. 466, and *Gould*, 271 Kan. 394, and argues the upward departure sentence violates his due process rights because he had a right to have a jury, rather than the court, determine facts that increased his maximum sentence.

The district court summarily denied the motion in a written order, citing caselaw that holds that *Apprendi* does not apply to cases final before *Apprendi*'s filing. The district court also held that Hayes' sentences conformed to applicable statutes and the sentencing court had jurisdiction.

Hayes appeals the district court's summary denial.

ANALYSIS

Whether Hayes' sentence was illegal presents an issue of law. That means our review of the district court's ruling is unlimited and we do not grant any deference to the district court. See *State v. McAlister*, 310 Kan. 86, 89, 444 P.3d 923 (2019).

In considering the issue of law, we begin with an argument raised by the State. It argues Hayes waived the constitutional argument he asserts here by failing to raise it in his prior motion to correct an illegal sentence. The State relies on res judicata principles. We reject this argument based on our many decisions holding that the plain language of K.S.A. 22-3504, which allows correction of an illegal sentence "at any time," operates as a legislative override of traditional principles of waiver, abandonment, and res judicata. See *McAlister*, 310 Kan. at 90; *State v. Dickey*, 301 Kan. 1018, 1032, 350 P.3d 1054 (2015) (*Dickey I*). Under these cases, serial motions to correct an illegal sentence can be

4

filed and the failure to raise an issue in the first such motion is not a bar to appellate review.

Even though Hayes can raise the argument, his effort still fails for at least two reasons.

First, Hayes' argument does not fall within the allowed parameters of a motion for illegal sentence. The illegal sentence statute, K.S.A. 2018 Supp. 22-3504(3), defines an illegal sentence as one imposed by a court without jurisdiction, one that does not conform to statutes, or one that is ambiguous. This court has long held the plain language of this narrow statutory definition does not include a claim that the sentence is illegal because it violates a constitutional provision. See *State v. Kirtdoll*, 306 Kan. 335, 339, 393 P.3d 1053 (2017); *State v. Brown*, 306 Kan. 330, 332, 393 P.3d 1049 (2017); *State v. Dickey*, 305 Kan. 217, 221, 380 P.3d 230 (2016) (*Dickey II*); *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016); *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016); *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015); *State v. Noyce*, 301 Kan. 408, 410, 343 P.3d 105 (2015). And *Apprendi*'s holding rests on constitutional grounds, specifically on the Sixth Amendment. 530 U.S. at 476-77.

Hayes does not discuss this longstanding holding nor does he offer any authority that would allow this court to reconsider this principle. Because his argument rests on constitutional grounds, the district court did not err in denying Hayes' motion to correct his sentence.

Second, Hayes' motion fails because *Gould*, 271 Kan. at 414, directly contradicts his argument—a point Hayes acknowledges. In *Gould*, the court held that the holding in *Apprendi*—that a jury, not the court, must determine facts that increase a sentence

5

beyond its statutory maximum—does not apply to cases final before *Apprendi*'s filing. See *Sherwood v. State*, 310 Kan. 93, 102, 444 P.3d 966 (2019); *State v. Tauer*, 310 Kan. 1, 2, 444 P.3d 936 (2019); *State v. Elliott*, 281 Kan. 583, 592, 133 P.3d 1253 (2006).

Hayes argues his case should be an exception because the charges did not give him notice of the facts used to enhance his sentence. Hayes offers only *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999), to support his position. In *Jones*, the United States Supreme Court held that the government needed to include aggravating factors increasing a sentence in a federal indictment. *Gould* declined to rule on whether that holding applied to a Kansas charging document because it was unnecessary in that case. 271 Kan. at 412. Hayes now asks us to apply *Jones* to Kansas procedures.

Other defendants have made the same request and failed. We discussed and rejected the argument in *State v. Scott*, 286 Kan. 54, 101-02, 183 P.3d 801 (2008), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). As we explained there, *Jones* applied to federal grand jury procedures, which do not apply to the states through the Fourteenth Amendment. Hayes offers no reason we should abandon our holding in *Scott*.

In conclusion, Hayes' argument that *Apprendi* renders his sentence illegal because the judge, and not the jury, found the existence of aggravating factors is unavailing because unconstitutional sentences are not illegal sentences and *Apprendi* does not apply to cases final before the date it was filed. The district court did not err in summarily denying Hayes' motion to correct illegal sentence.

Affirmed.

6