NOT DESIGNATED FOR PUBLICATION

No. 128,444

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TAYLOR G. GREEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Submitted without oral argument. Opinion filed April 24, 2026. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PER CURIAM: This appeal concerns Taylor G. Green's seventh motion to correct an illegal sentence. Green was convicted of attempted aggravated sexual battery and sentenced to 29 months in prison, which was suspended in favor of 24 months of probation. Green was also ordered to serve lifetime postrelease supervision. During a subsequent probation revocation hearing, defense counsel requested a reduction in Green's sentence. The district court granted the request and reduced Green's prison term from 29 months to 24 months but did not discuss the postrelease supervision component of the sentence. The probation revocation journal entry from the proceeding erroneously

1

stated that postrelease supervision did not apply, but that error was quickly corrected through a nunc pro tunc order. Green has since filed multiple motions to correct an illegal sentence. In his latest motion, the subject of this appeal, he argued that his sentence was illegal because when the district court modified his sentence, it did not state whether it was reducing the postrelease supervision term. He also stated that his sentence was illegal because his postrelease supervision was ordered through a nunc pro tunc order. Finally, Green also argued that his sentence was illegal because *State v. Freeman*, 223 Kan. 362, 574 P.2d 950 (1978), relating to cruel and unusual punishment, applied. Green filed his motion to correct illegal sentence in district court and the district court denied relief.

On appeal, Green asks us to find that his sentence was illegal, arguing the same points made in his most recent motion to correct illegal sentence. But we need not reach the merits of Green's appeal due to the application of the doctrine of res judicata. Each of the issues Green raises here in his appeal has been previously decided on the merits by the district court, or by a panel of our court in Green's prior appeal, *State v. Green*, No. 124,121, 2022 WL 5287846 (Kan. App. 2022) (unpublished opinion). As a result, Green's appeal is denied and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Taylor G. Green pled guilty to one count of attempted aggravated sexual battery in 2011. The district court sentenced Green to serve 29 months in prison but suspended his sentence and placed him on 24 months of probation. The district court also sentenced Green to a term of lifetime postrelease supervision.

Green's probation was revoked and reinstated under the same terms and conditions in August 2011. Green's probation was revoked again at a probation revocation hearing in November 2011. As to disposition, the district court initially ordered Green to serve his original sentence, but after hearing arguments from defense counsel, the court granted a

request to reduce Green's sentence to 24 months' imprisonment. Postrelease supervision was not mentioned at the revocation hearing. The probation revocation journal entry that was filed related to that hearing included a checked box that indicated: "No Postrelease Period to be Served per K.S.A. 22-3716(e)." A month later, the district court issued a nunc pro tunc order correcting the journal entry by removing the note that no postrelease period was to be served.

Green has since filed seven motions attacking his modified sentence. Green filed three motions to correct illegal sentence in 2015. Those motions alleged the district court imposed a binding sentence modification at his probation revocation hearing when it signed a journal entry that modified his lifetime postrelease supervision to no postrelease supervision. Green also argued that the district court could not subsequently change the removal of the postrelease supervision by filing an order nunc pro tunc. Green also asserted that the court had the authority under K.S.A. 2010 Supp. 22-3716(b) to impose "any lesser sentence" and did so after considering factors set out in *Freeman*, 223 Kan. at 367 (discussion factors to consider when determining whether a sentence is cruel or unusual under the Kansas Constitution). The State filed a response arguing Green's sentence was legal. The district court summarily denied Green's motions in March 2016:

> "The Court does not believe that oral argument is necessary or helpful to the resolution of [Defendant]'s motion. [Defendant] attacks the lifetime post release provision of his sentence. A review of the court file reflects that [Defendant]'s probation was ended on 11/3/11. The JE of probation violation reflected a modification of [Defendant]'s sentence and 'no post release period to be served per KSA 22-3716(e).' On December 6, 2011, the Court entered a Nunc Pro Tunc Order correcting the period of post release to lifetime. [Defendant] did not challenge this Nunc Pro Tunc Order. There is no indication that the nunc pro tunc order did not accurately reflect the Court's order from the bench, and the sentence as to lifetime supervision is not an illegal sentence. Motion is therefore denied."

Green did not appeal.

In May 2017, Green filed another motion to correct an illegal sentence, alleging again that his postrelease supervision was modified at his final probation revocation hearing, citing *State v. McKnight*, 292 Kan. 776, 257 P.3d 339 (2011), and K.S.A. 2010 Supp. 22-3716(b). He also argued that his sentence was illegal because he was not personally present when the nunc pro tunc order was entered. The district court denied the motion, and Green appealed, but a panel of this court dismissed the appeal for lack of jurisdiction. A petition for review was denied.

Green filed another motion to correct an illegal sentence in January 2021. Green again argued that the transcript of the November 2011 hearing showed that the district court modified his sentence to 24 months' imprisonment with no postrelease supervision. The district court denied Green's motion. He then filed a motion to file an amended pleading for correction of illegal sentence in February 2021, which the court treated as a motion to correct illegal sentence and then denied. Green appealed. This court affirmed the district court after considering the merits of defendant's claim. *Green*, 2022 WL 5287846, at *3.

In September 2024, Green filed the present motion to correct an illegal sentence in district court. In this motion, Green again argued that his sentence was illegal because the district court failed to pronounce his postrelease supervision from the bench when it modified his sentence from 29 months to 24 months. The district court denied the motion, citing the previous decision in *Green*, 2022 WL 5287846, at *3. The court also discussed that it had "no jurisdiction to modify any part of the sentence" based on the court's ruling in that appeal that Green's sentence was legal.

Thereafter, Green timely appealed.

ANALYSIS

On appeal, Green argues that the district court erred by dismissing his motion to correct an illegal sentence. Green asserts that when the district court modified his sentence, reducing it from 29 months to 24 months, it was required to also again pronounce postrelease supervision, and that the court's silence eliminated that component of his sentence. The State contends that the doctrine of res judicata precludes Green's appeal and that Green's claim has no merit.

*Standard of Review*

When a district court denies a motion to correct an illegal sentence, this court applies a de novo standard of review because we have the same access to the motion, records, and files as the district court. *State v. Alford*, 308 Kan. 1336, 1338, 429 P.3d 197 (2018).

This court exercises unlimited review over whether a claim is barred by res judicata. *Herington v. City of Wichita*, 314 Kan. 447, 450, 500 P.3d 1168 (2021).

*Green's claim is barred by the doctrine of res judicata.*

The Kansas Supreme Court has held that a previous judicial determination on the legality of a sentence precludes later efforts to relitigate a prior claim. *State v. Murdock*, 309 Kan. 585, 592, 439 P.3d 307 (2019) ("As a general rule, a prior judicial determination of the legality of a sentence—based on the law in effect at the time the sentence was pronounced—will preclude later efforts to relitigate the identical claim.").

The doctrine of res judicata "generally bars a claim when [(1)] the same parties are involved, [(2)] the same claim was previously raised, and [(3)] there has been a final judgment on the merits." *State v. Moncla*, 317 Kan. 413, 415, 531 P.3d 528 (2023). "A

5

successive motion that merely seeks a 'second bite' at the illegal sentence apple is susceptible to dismissal according to our longstanding, common-law preclusionary rules." *Moncla*, 317 Kan. at 417. Our analysis requires a review of each of Green's prior motions to correct illegal sentence in order to consider the application of res judicata.

Green filed three unsuccessful motions to correct illegal sentence in 2015. In these motions, Green specifically argued that at his last probation revocation hearing, the district court had the authority to modify his sentence and did so, omitting postrelease supervision. Green cited *McKnight*, 292 Kan. 776, and K.S.A. 2010 Supp. 22-3716 in support of his motions. Green argued that after the court modified the sentence, it no longer had jurisdiction to modify his sentence by way of a nunc pro tunc order. Green also argued that the district court found he had suffered cruel and unusual punishment under *Freeman*, 223 Kan. at 367, and that formed the basis of the court's modification of his sentence. He reasoned that any correction of the postrelease portion of his sentence in the nunc pro tunc order after the modification violated his right to be present and have an attorney present at the imposition of his sentence. The district court ruled against Green on all issues presented in the three motions, and Green did not appeal.

In 2017, Green filed another motion to correct illegal sentence, again citing *McKnight*, and argued his postrelease supervision period was modified at his final revocation hearing. Green also argued that his sentence was illegal because he was not present when the nunc pro tunc order was entered. The State argued Green's argument was barred by res judicata. The district court agreed and summarily ruled against Green, finding "[Defendant]'s motion to correct illegal sentence is procedurally barred by the doctrine of res judicata." Green appealed, but his appeal was dismissed based upon a lack of jurisdiction. Green also filed a petition for review that was denied.

Green filed another motion in January 2021 that again cited *McKnight* and K.S.A. 2010 Supp. 22-3716. He argued again that at his last probation revocation hearing, the

district court had the authority to modify his sentence, and in fact modified his sentence and omitted postrelease supervision. The district court denied the motion on February 17, 2021, as successive. Green filed another motion to correct illegal sentence on February 19, 2021, citing a number of Kansas cases, and arguing that his sentence was illegal because the district court lacked jurisdiction to enter the nunc pro tunc order that corrected the postrelease supervision term. The district court summarily denied the motion on February 22, 2021, finding, "Defendant's claim that postrelease supervision was modified at a 11/3/11 hearing is false. The court did not modify postrelease at the 11/3/11 PV hearing. Reference to postrel[e]ase supervision in the journal entry of the 11/3/11 probation violation hearing was a mistake and the 11/28/11 nunc pro tunc corrected the error." Green appealed. A panel of our court considered the application of res judicata but found its application is prudential. The panel ultimately chose to consider the merits of Green's claim:

> "The district court here did not impose a modification of Green's original sentence generally, including postrelease supervision. To the contrary, the district court ordered the full original sentence be served. Only then did the district court entertain a tailored request from Green's lawyer aimed at the term of incarceration. The limited relief the district court considered and granted plainly did not extend beyond the bounds of what the lawyer specifically sought. Green cannot now expand the specific request and response into something considerably more.

> "We, therefore, conclude the district court did not impose an illegal sentence on Green when it revoked his probation. On that basis, we affirm the district court's denial of Green's motion to correct an illegal sentence." *Green*, 2022 WL 5287846, at *2-3.

In Green's seventh motion to correct illegal sentence filed in 2024, which is the subject of this appeal, Green again argued that his sentence was illegal because after the district court modified his sentence and eliminated the period of postrelease, it then illegally reimposed the postrelease supervision sentence through its nunc pro tunc order. Green asserted that a decision by a panel of this court in *Sheets* applied, affecting his

7

crime of conviction and removing the requirement of postrelease supervision. See generally *State v. Sheets*, 60 Kan. App. 2d 378, 382, 494 P.3d 168 (2021) (recognizing legislative changes to K.S.A. 22-3716 which require defendants convicted of crimes committed on or after July 1, 2013, to serve some period of postrelease supervision when their probation is revoked). The panel in Green's prior appeal found that the modifications to K.S.A. 22-3716 did not affect Green because his crime of conviction predated 2013. *Green*, 2022 WL 5287846, at *2.

In his brief on appeal, Green raises no argument that has not been previously considered and ruled on through a final judgment on the merits. Green spends much of his brief reciting the prior appellate ruling against him in *Green*, 2022 WL 5287846. In response to the State's res judicata argument, Green relies on *State v. Hayes*, 312 Kan. 865, 867, 481 P.3d 1205 (2021), in which the court held that "the plain language of K.S.A. 22-3504, which allows correction of an illegal sentence 'at any time,' operates as a legislative override of traditional principles of waiver, abandonment, and res judicata." But Green is misapplying the holding in *Hayes*. In *Hayes,* the Kansas Supreme Court considered the State's argument that Hayes waived his "constitutional argument he asserts here by failing to raise it in his prior motion to correct an illegal sentence." 312 Kan. at 867. In that context, the court found that "serial motions to correct an illegal sentence can be filed and the failure to raise an issue in the first such motion is not a bar to appellate review." 312 Kan. at 867. That is not our situation here. Here, Green has filed a total of seven motions to correct illegal sentence attacking the *same* issue—arguing that his sentence is illegal because he should not be required to serve postrelease supervision. And each of the sub-issues he has raised related to that overarching argument have been ruled on by a court in his case, on the merits.

Turning to the elements of res judicata, we find that the parties have been the same in each motion to correct illegal sentence filed by Green. Green's claim that no postrelease supervision was ordered at his probation revocation has been raised multiple

times. Finally, Green has received final judgments on the merits of his claim, including an appellate decision in *Green*, 2022 WL 5287846, at *2-3. While some of Green's sub-issues were disposed of by summary denials, "a summary denial of an illegal-sentence motion *is* a ruling on the merits." *Moncla*, 317 Kan. at 416. We find that the elements of the doctrine of res judicata have been satisfied here. See 317 Kan. at 415.

It is true that res judicata is a prudential doctrine. Application of the doctrine prevents a party from relitigating claims that were previously decided on the merits and it promotes the public policy of reducing abusive litigation. See *Herington*, 314 Kan. 447, Syl. ¶ 5. We apply the doctrine here because Green's claims have been repeatedly considered and denied on the merits. Green is merely seeking a "'second bite' at the illegal sentence apple," and his appeal is denied. *Moncla*, 317 Kan. at 417.

Affirmed.