NOT DESIGNATED FOR PUBLICATION

No. 128,937

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO T. WYATT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; KEITH L. COLLETT, judge. Submitted without oral argument. Opinion filed May 22, 2026. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., HILL and BRUNS, JJ.

PER CURIAM: Antonio T. Wyatt appeals from the district court's denial of his motion to correct illegal sentence. In 2017, Wyatt was convicted at a bench trial of possession of marijuana with the intent to distribute, no drug tax stamp, and possession of drug paraphernalia. His sentence was increased by 6 months under K.S.A. 21-6805(g)(1). In his most recent motion to correct illegal sentence, Wyatt argued the district court failed to make a finding of fact that he possessed a firearm in furtherance of a drug felony. On appeal, he contends that the district court erred in denying his motion. Based on our review of the record, we find no error. Thus, we affirm.

1

On May 9, 2017, a Junction City police officer stopped a car driven by Wyatt for traffic violations. In searching the vehicle, the officer found 12 vacuum-sealed bags of marijuana in a cooler in the trunk. In addition, the officer found a vacuum heat sealer, drug paraphernalia, heroin, and eight cell phones. Material to the issue presented in this appeal, the officer also found a gun in the car.

The State charged Wyatt with multiple offenses, and he waived his right to a jury trial. At his bench trial held on November 17, 2017, Wyatt's attorney objected when the prosecutor asked the police officer where he found the firearm. In response, the prosecutor argued: "Since it is an enhancement, it has to be proven to the trier of fact." As a result, the district court overruled the objection, and the officer testified that he found a "9mm handgun on the passenger side rear floorboard inside a holster."

In light of the firearm enhancement that was sought by the State, the prosecutor asked the judge—as the finder of fact—to "find that [Wyatt] was in possession of the firearm at the time so that we have the enhancement." After finding that Wyatt possessed the marijuana, the judge expressly determined that the "marijuana was found close to or in proximity to" the 9 mm handgun. Moreover, the judge explained that this finding was made "for purpose of enhancement of sentence only." At the conclusion of the trial, the judge found Wyatt guilty of possession of marijuana with the intent to distribute, no drug tax stamp, and possession of drug paraphernalia.

Subsequently, the district court sentenced Wyatt to 142 months in prison. In doing so, the judge again referenced the sentencing enhancement and stated that if it had not already made the finding involving the firearm found in the car Wyatt was driving, "it will do so at this time." Then, in a journal entry, the judge referenced the "6 months

[enhancement] due to possessing a firearm" and that "the Court makes the firearm finding."

A panel of this court affirmed Wyatt's convictions on direct appeal. *State v. Wyatt*, No. 119,035, 2019 WL 324817 (Kan. App. 2019) (unpublished opinion). Later, in 2019 and in 2020, Wyatt filed motions to correct illegal sentence. In those motions, he challenged his criminal history score. After reaching an agreement with the State, Wyatt's sentence was reduced to 129 months. The nunc pro tunc order did not explain how the new sentence was calculated.

On October 31, 2024, Wyatt filed the pro se motion to correct illegal sentence that is the subject of this appeal. In the motion, Wyatt argued that the judge—as the trier of fact—did not make a finding of fact that he possessed a firearm as required by K.S.A. 21-6805(g)(1) to justify a 6-month sentencing enhancement. The district court appointed an attorney to represent Wyatt on his motion, and counsel supplemented the motion by arguing that the judge had failed to make a specific finding that Wyatt "carried" or "possessed" the firearm found in the car he was driving at the time he was stopped. After listening to the arguments of counsel at a hearing, the district court denied Wyatt's motion to correct illegal sentence.

ANALYSIS

On appeal, Wyatt contends that his sentence is illegal because the district court did not make the statutorily required finding necessary to justify the 6-month enhancement of his sentence under K.S.A. 21-6805(g)(1). In response, the State contends that the sentence was not illegal because the district court—as the finder of fact—did make the appropriate finding to support the enhancement. It argues that the district court did so both during the bench trial and again at sentencing. In addition, the State points out that Wyatt will be released from prison this summer.

3

At the outset, we note that Wyatt does make an argument in his brief based on constitutional principles. Likewise, he does not cite us to *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which discusses sentencing enhancements. Rather, Wyatt merely argues that the district court failed to make sufficient findings that he carried or possessed a firearm in order to satisfy the factual findings of the sentencing enhancement. See K.S.A. 21-6805(g)(1).

Nevertheless, to the extent that Wyatt may have intended to make a constitutional argument, we find that it is not properly before us. This is because it was not presented to the district court nor has Wyatt attempted to make an argument that one of the exceptions applies to excuse his failure to present such an argument below. Further, even if an exception did apply, we would not be required to review it or to provide a reason for deciding not to do so. See *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024).

Furthermore, as the Kansas Supreme Court explained:

"The illegal sentence statute, K.S.A. 2018 Supp. 22-3504(3), defines an illegal sentence as one imposed by a court without jurisdiction, one that does not conform to statutes, or one that is ambiguous. This court has long held the plain language of this narrow statutory definition does not include a claim that the sentence is illegal because it violates a constitutional provision. See *Kirtdoll v. State*, 306 Kan. 335, 339, 393 P.3d 1053 (2017); *State v. Brown*, 306 Kan. 330, 332, 393 P.3d 1049 (2017); *State v. Dickey*, 305 Kan. 217, 221, 380 P.3d 230 (2016) (*Dickey II*); *State v. Lee*, 304 Kan. 416, 418, 372 P.3d 415 (2016); *State v. Warrior*, 303 Kan. 1008, 1010, 368 P.3d 1111 (2016); *State v. Moncla*, 301 Kan. 549, 553-54, 343 P.3d 1161 (2015); *State v. Noyce*, 301 Kan. 408, 410, 343 P.3d 105 (2015). And *Apprendi*'s holding rests on constitutional grounds, specifically on the Sixth Amendment. 530 U.S. at 476-77." *State v. Hayes*, 312 Kan. 865, 867-68, 481 P.3d 1205 (2021).

Under these circumstances, we will review Wyatt's argument purely as a question of whether the district court complied with the statutory provision set forth in K.S.A. 21-

6805(g)(1). As the parties agree, the interpretation of a sentencing statute is a question of law. As a result, our review is unlimited. *State v. Moore*, 309 Kan. 825, 828, 441 P.3d 22 (2019).

Here, it is undisputed that the district court enhanced Wyatt's presumptive prison sentence based on K.S.A. 2016 Supp. 21-6805(g)(1)—also known as Special Rule 32—which provides for "an additional 6 months' imprisonment" where "the trier of fact makes a finding that an offender carried a firearm to commit a drug felony, or in furtherance of a drug felony, possessed a firearm." A review of the record reveals that the judge—who served as the trier of fact in this case—expressly found that the "marijuana was found close to or in proximity to" the 9 mm handgun in the car Wyatt was driving. Moreover, the judge specifically determined that it made "that finding for purpose of enhancement of sentence only."

Subsequently, in the journal entry memorializing the bench trial, the judge referenced the "6 months for possessing a firearm" and stated "the Court makes the firearm finding." Later, at Wyatt's sentencing hearing, the judge once again referenced the sentencing enhancement, noting that the firearm was found in the proximity of the drugs and stated if the court had not already "made the finding of that, it will do so at this time." Accordingly, the judge—as the trier of fact—not only made findings about the firearm being found in "close proximity" to the handgun but also found that the requirements of K.S.A. 21-6805(g)(1) had been met based on the evidence presented by the State at trial.

We, therefore, conclude that the district court did not err in denying Wyatt's motion to correct illegal sentence.

Affirmed.